LORENZO JIMENEZ V. THE STATE.

No. 9014.    Delivered May 6, 1925.

**Delinquency—Charge of Court—Inspection of Counsel—Error to Refuse.**

Art. 735, Vernon's C. C. P., provides that the court's charge before being read to the jury, the defendant or his counsel shall have a reasonable time to examine same, so that he may present his objections thereto in writing. To deny this valuable right to counsel will necessitates a reversal on appeal.

Appeal from the County Court of Maverick County. Tried below before the Hon. W. A. Bonnett, Judge.

Appeal from a conviction of delinquency; penalty, one year in the state training school at Gatesville.

*David E. Hume*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From a conviction for delinquency in the county court of Maverick County this appeal is brought. Penalty assessed, one year in the state training school at Gatesville.

We doubt the sufficiency of the testimony but do not discuss it in view of the fact that the case must be reversed for the refusal of the trial court to submit his charge to appellant's counsel for his examination before same was read to the jury. Art. 735, Vernon's C. C. P., specifically provides that before the charge is read to the jury the defendant or his counsel shall have a reasonable time to examine the same so that he may present his objections thereto in writing. This is a valuable right and one which the trial courts may not ignore. A bill of exceptions approved without qualification certifies appellant's attorney asked to see the court's charge but that the court replied at the time that he did not have his charge and that thereafter the charge was completed, tendered to the prosecuting officer and read to the jury without permitting appellant's attorney to examine same, to which action an exception was then taken. We do not deem it necessary to discuss the matter further or cite authorities supporting the proposition that this was error for which this case must be reversed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*