### GREENWADE v. STATE.　(No. 10304.)

(Court of Criminal Appeals of Texas.　June 23, 1296.　Rehearing Withdrawn Jan. 12, 1927.)

Criminal law ⬅1092(7), 1099(6)—Statement of facts and bill of exceptions, not filed within 90 days after notice of appeal, cannot be considered (Code Cr. Proc. 1925, art. 760, § 5).

Statement of facts and bill of exceptions, filed more than 90 days after notice of appeal is given, cannot be considered by Court of Criminal Appeals, in view of Code Cr. Proc. 1925, art. 760, § 5.

Commissioners' Decision.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

C. M. Greenwade was convicted of the unlawful sale of intoxicating liquor, and he appeals. Affirmed.

Clarke & Clarke, of Hillsboro, and W. B. Featherstone and F. E. Johnson, both of Cleburne, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BERRY, J. The offense is the unlawful sale of intoxicating liquor, and the punishment is two years in the penitentiary.

The notice of appeal was given on the 9th day of February, 1926, and the bills of exceptions and statement of facts were not filed until May 13, 1926, or more than 90 days thereafter. We have repeatedly held that a statement of facts and bills of exceptions, filed more than 90 days after the no-

tice of appeal is given, cannot be considered by this court. In this ruling we are following the plain terms of the statutes. Section 5, art. 760, 1925 Revision C. C. P.

In the absence of a statement of facts and bills of exceptions, there is no error manifest by this record, and the judgment is in all things affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the court of Criminal Appeals and approved by the court.

MORROW, P. J. Since the filing of his motion for rehearing, appellant has filed a written application, duly verified, requesting the withdrawal of said motion. The application is granted, and it is ordered that mandate issue upon the original hearing in which the judgment of the trial court was affirmed.