Roosevelt Ross v. The State.

No. 12304.   Delivered February 6, 1929.

The opinion states the case.

*H. H. Wilborn* and *R. T. Jones* of Henderson for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful possession of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

In the judgment and sentence the offense is described as the manufacture of intoxicating liquor.   This is not in accord with the indictment or the charge of the court and manifestly is an erroneous entry of the judgment.   The judgment will therefore be reformed so as to properly describe the offense, namely, the possession of intoxicating liquor for the purpose of sale.   The authority of this court to correct or reform a judgment is found in Art. 847, C. C. P., 1925.   See Vernon's Ann. Tex. C. C. P., Vol. 3, p. 252, note 14; Burks v. State, 55 S. W. Rep. 824; Smith v. State, 90 Tex. Crim. Rep. 273.

The court adjourned on the 18th day of August, 1928.   Notice of appeal was given on the 3rd of that month.   In the order overruling the motion for new trial seventy-five days after adjournment were allowed within which to prepare and file a statement of facts. Taking into account the fact that the adjournment took place fifteen

days after the order, the allowance amounted to ninety days after the motion for new trial was overruled. On October 31, 1928, the court attempted to give an additional fifteen days' extension of time for the filing of the statement of facts. The statute permits the extension of only ninety days after the notice of appeal. See Art. 760, C. C. P., 1925. After extending the time as was done in the first instance, seventy-five days after adjournment (which amounted to ninety days after the notice of appeal) the court was without power to make an additional extension. Johnson v. State, 104 Tex. Crim. Rep. 384; Clark v. State, 105 Tex. Crim. Rep. 490; Trigg v. State, 105 Tex. Crim. Rep. 578; Northington v. State, 105 Tex. Crim. Rep. 552; Greenwade v. State, 289 S. W. Rep. 404; Buckley v. State, 108 Tex. Crim. Rep. 316; Stewart v. State, 108 Tex. Crim. Rep. 661.

The statement of facts accompanying the record appears to have been signed by the trial judge on the 10th day of November, 1928, and on the same day filed in the trial court, which was more than 100 days after notice of appeal. It follows that the statute mentioned precludes the consideration of the statement of facts by this court. Mireles v. State, 98 Tex. Crim. Rep. 396; Acuff v. State, 98 Tex. Crim. Rep. 71; Maranjo v. State, 96 Tex. Crim. Rep. 649.

There are no complaints of the rulings of the court or faults in the procedure presented for review.

The judgment is reformed affirmed.

*Affirmed.*