GEORGE SIMMONS, ALIAS BUSTER SIMMONS v. THE STATE.

No. 13409. Delivered May 28, 1930.
Reported in 28 S. W. (2d) 1084.

The opinion states the case.

*Henry O'Dell* and *Geo. P. Prendergast* both of Galveston, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

The motion for new trial was overruled on the 16th day of November, 1929, and notice of appeal given on the same date. The statement of facts was filed in the trial court on February 15, 1930, which was more than ninety days after notice of appeal was given. The trial court granted appellant ninety days from the adjournment of the court in which to file bills of exception and statement of facts. The time for filing bills of exception and statement of facts may not be extended by the trial court beyond the ninety-day period provided by statute. Art. 760, Code of Criminal Procedure, 1925; Tillar v. State, 111 Tex. Cr. R. 410, 13 S. W. (2d) 368. The statement of facts was filed too late to be entitled to consideration by this court. Steelman v. State, 106 Tex. Cr. R. 214, 291 S. W. 549.

One bill of exception is brought forward which we are unable to appraise in the absence of a statement of facts. It may be added that said bill is in question and answer form. No certificate of the trial court showing the necessity for such form appears. It has long been the rule in this court that bills of exception in question and answer form are not entitled to consideration. Where a bill of exception appears in question and answer form, in order to receive consideration, the certificate of the trial judge must show the necessity for such form. Govance v. State, 2 S. W. (2d) 853.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.