## W. B. FOWLER v. THE STATE.

No. 14072.   Delivered March 25, 1931.
Rehearing Denied June 17, 1931.

The opinion states the case.

*McGaugh & Darroch,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for two years.

The motion for new trial was overruled on August 11, 1930, and notice of appeal given on the same date. The statement of facts was filed in the trial court on November 14, 1930, which was more than ninety days after notice of appeal was given. This was too late, the ninety days allowed by the statute having expired. Article 760, C. C. P., 1925; Simmons v. State, 116 Texas Crim. Rep., 68, 28 S. W. (2d) 1084.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—It is now made to appear by affidavits that failure to file statement of facts within time was not due to any negligence on the part of appellant or his attorney. Therefore the statement of facts will be considered.

Appellant admitted that he shot and killed deceased, J. C. Barrett,

but declared that he acted in his necessary self-defense. According to appellant's version of the transaction, he and deceased had had some former difficulties in which he had knocked deceased down. At the time these difficulties were had deceased was living in appellant's home, appellant being a tenant on a place belonging to deceased. Deceased had moved away but had returned with some Mexicans for the purpose of digging post holes. Appellant had ordered the Mexicans to leave the place. Subsequently deceased returned with the Mexicans. According to the testimony of the Mexicans who accompanied deceased, deceased was driving his car along the road when some shots were fired from a point near appellant's barn. The Mexicans said that deceased did not get out of the car. Appellant testified that deceased had gotten out of the car and was attempting to fire upon him when he fired the shot that killed deceased. The state's testimony indicated that appellant had made some preparation for killing deceased. It appears that deceased's gun, loaded and cocked, was found in front of him in the road where his body was discovered. Appellant takes the position that the undisputed evidence shows that he acted in self-defense. We are unable to reach the conclusion that the evidence is insufficient. The jury would have been warranted in concluding from appellant's testimony that he acted in self-defense. On the other hand, they were warranted in concluding from the testimony of the Mexicans who accompanied deceased along the road that appellant fired upon deceased while he was driving his car and before deceased made any demonstration. Moreover, the testimony touching the preparation made by appellant tended to rebut the defensive theory. See Gilliam v. State, 113 Texas Crim. Rep., 108.

Bill of exception No. 2 recites that the district attorney, in his closing argument, used language as follows:

"They were sitting up there like a couple of snakes, Bailey and old man Fowler, looking through the fence, the only difference between them and snakes is that a snake rattles and they shoot guns."

Objection was interposed and the court sustained the objection and gave a written instruction to the jury wherein they were advised not to consider the argument for any purpose. Appellant contends that the argument was obviously prejudicial and that the instruction of the court could not erase its effect from the minds of the jury. We are unable to agree with this contention. If improper remarks are withdrawn by the court and the jury instructed not to consider them, ordinarily the injury, if any, has been cured. Branch's Annotated Penal Code, sec. 362; Love v. State, 35 Texas Crim. Rep., 27, 29 S. W., 790. We do not deem the argument of such a nature as to be obviously hurtful and prejudicial.

Bill of exception No. 3 recites that the district attorney stated in his closing argument, in substance, that Bailey Fowler, appellant's son, came over to appellant's house on the night preceding the homicide where he

and appellant planned murder, "as dark as Stygian night". The court overruled appellant's objection to the argument, and declined to instruct the jury not to consider it. The evidence showed that Bailey Fowler did not reside at his father's home. It further shows that on the night preceding the homicide he spent the night with his father. Moreover, there is evidence in the record that Bailey Fowler approached the body of deceased after the fatal shots had been fired, and that he was armed with a gun. We think the statement of the district attorney involved no more than his opinion that the circumstances warranted the conclusion that appellant and his son had plotted to kill deceased.

Bill of exception No. 4 recites that the district attorney, in argument, referred to appellant as a "cowardly assassinating cur". Appellant's objection was sustained and the court instructed the jury not to consider the argument for any purpose. We do not deem the argument of such grave character as to render it obviously injurious and prejudicial. The prompt action of the court in withdrawing the remarks from the jury, in our opinion, sufficiently protected appellant's rights.

As disclosed by bill of exception No. 5, the district attorney stated to the jury, in effect, that if they brought in a verdict of not guilty they would turn loose a "dirty, sneaking assassin". Again the court sustained the objection and instructed the jury not to consider the remarks. What we have said with reference to bill of exception No. 4 is applicable to the situation presented by the bill under consideration.

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

MORROW, Presiding Judge.—This case was submitted to the court with a statement of facts which could not be considered, and an affirmance was ordered on March 25, 1931. On April 7th, a motion for rehearing was filed, accompanied by an affidavit which justified the consideration of the statement of facts. On June 17th, the opinion on motion for rehearing in which the evidence and the legal questions were discussed was delivered by the court, overruling the motion for rehearing. After adjournment of the court the appellant presented an additional motion for rehearing, contending that it should be considered because of the absence of the statement of facts at the time the original opinion was rendered. At the time the second motion for rehearing was filed this

court had lost control of the judgment. The judgment had become final due to the adjournment of the term after the motion had been overruled.

There is now before the court a motion to recall the mandate, and consider the second motion for rehearing, which request is denied.

*Denied.*