E. C. LOYD v. THE STATE.

No. 14177.   Delivered May 6, 1931.
Rehearing Denied June 3, 1931.

The opinion states the case.

*L. Brann,* of Hamilton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense is transporting intoxicating liquor, the punishment confinement in the penitentiary for fifteen months.

No bills of exception are brought forward. Motion for new trial was overruled on the 2nd day of October, 1930, and notice of appeal given on the same date. The statement of facts was filed in the trial court on the sixth day of January, 1931. This was too late. Article 760, C. C. P.; Simmons v. State, 28 S. W. (2d) 1084.

We note that the verdict of the jury finding the appellant guilty assessed his punishment at fifteen months in the penitentiary, while the sentence fixed his punishment at confinement in the penitentiary for a straight term of fifteen months. The sentence will therefore be reformed so as to assess appellant's punishment at confinement in the penitentiary for an indeterminate period of not less than one year nor more than fifteen months, and as so reformed, no question being presented for review, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a motion for rehearing, urging the insufficiency of the testimony. It seems useless for us to repeat what was said in the original opinion, viz: that we could not consider the statement of facts because filed more than ninety days after notice of appeal. If the facts in any given case be insufficient to justify the conviction and incarceration of a citizen of this state, it would be indeed unfortunate if he, or those representing him, should neglect to comply with the plain requirements of the law by having a transcription of such facts filed as a part of the record within the time fixed by the statute.

Not being able to consider the facts, the motion for rehearing will be overruled.

*Overruled.*