### BILL LAMB V. THE STATE.

No. 16451.   Delivered January 24, 1934.
Reported in 67 S. W. (2d) 617.

The opinion states the case.

*Crumpton & Crumpton,* of Texarkana, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, the punishment being assessed at two years in the penitentiary.

Appellant entered a plea of guilty. No statement of facts on the plea is brought forward. Appellant predicates his motion for new trial upon the claim that the court committed error in not advising appellant of his right to apply for a suspended sentence and for failing to appoint an attorney to represent him for that purpose, as provided in article 776, C. C. P., 1925. Evidence was heard upon the motion and is brought forward as an agreed statement of facts, which is incorporated in a bill of exception. The motion for new trial was overruled on the 12th day of July, 1933, and notice of appeal given at that time. The court gave appellant ninety days from said date in which to file bills of exception and statement of facts. The ninety days expired on October 10, 1933. The bill of exception was not filed until October 12th, which was two days too late. Upon October 8th the court undertook to grant ten days additional time to that already given. By express limitation of article 760, C. C. P., the court had no authority to extend the time beyond ninety days after notice of appeal had been given. Ross v. State, 112 Texas Crim. Rep., 14, 13 S. W. (2d) 701; Hair v. State, 112 Texas Crim. Rep., 37, 13 S. W. (2d) 846; Tillar v. State, 111 Texas Crim. Rep., 410, 13 S. W. (2d) 368; Simmons v. State, 116 Texas Crim. Rep., 68, 28 S. W. (2d) 1084. Many other authorities will be found in note 50 under

article 760, C. C. P., in the Cumulative Pocket Part (1933) of Vernon's Ann. C. C. P., vol. 3.

The judgment is affirmed.

*Affirmed.*