# APRIL 10, 1935

### ARTHUR LOUIS BROWN, ALIAS ART BROWN, V. THE STATE.

No. 17243.   Delivered February 13, 1935.
Rehearing Denied April 10, 1935.

The opinion states the case.

*Houtchens & Houtchens* and *J. D. Blackwell,* all of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary under the habitual criminal statute, and his punishment was assessed at confinement in the State penitentiary for life.

The State's testimony showed that on the night of June 15, 1933, a church in the City of Fort Worth, Texas, was entered by force without the consent of the person in charge and an electric fan was taken from the office therein.   Shortly thereafter, the fan was found in the store of one Frank Pinto of said city.   Pinto testified that the appellant came to his store on the morning of June 16 and offered the fan for sale and when informed by Pinto that he did not wish to buy the fan

the appellant left the fan in the store. The fan was fully identified by its serial number. The appellant testified in his own behalf that on the night of June 15 he was at the home of his sister; that the next morning, he, his sister, and Dorothy Burnett came up town together; that they met Blackie Reeves on Belknap Street near the courthouse; that Reeves had a General Electric fan which he wanted to sell, and he asked appellant if he could sell it for him; that he, appellant, told him he thought he could, that Mr. Pinto a few days previous had expressed a desire to purchase a fan; that he took the fan to Mr. Pinto's store and offered to sell it to Pinto, but Pinto declined to purchase it; that Pinto loaned him $3.00 on the fan which sum he carried to Reeves and Reeves gave him a dollar out of the same. He admitted that he had been convicted theretofore of theft of fans from various churches in the City of Fort Worth and that he had been convicted for felony theft, burglary, and various offenses, as charged in the indictment. Appellant's sister, Flora Brown, testified substantially to the same facts as the appellant except that she was unable to state the color of the fan. Blackie Reeves testified for the appellant that either on the 16th or 17th of June he met the appellant at the corner of the courthouse; that at said time he, Reeves, had a fan which he had purchased from two men paying them one dollar therefor; that he asked the appellant if he knew where he could sell the fan and appellant told him that he thought so and took the fan and went away and when he later met Reeves he told him he had sold the fan to Frank Pinto for $3.00. Reeves could not remember what type of fan it was, whether a G-E or not, nor was he positive of its color. He admitted on cross-examination that he too had been in the penitentiary for burglary.

The only contention which the appellant makes is that the testimony is insufficient to warrant and sustain his conviction. The testimony shows that appellant was in possession of the property recently stolen, which is a circumstance from which the jury could reasonably draw an inference of guilt. In all criminal cases the jury are the exclusive judges of the facts proven, the credibility of the witnesses, and the weight to be given to their testimony. It was within the exclusive province of the jury to believe or disbelieve any part or all of the testimony of the appellant and his witnesses or that of the State, and their finding will be respected by this court unless there is no testimony upon which the same can legally rest. Having reached the conclusion that the jury were justified in finding

the appellant guilty, we are forced to overrule the appellant's contention.

The court in his charge fully instructed the jury on the law of circumstantial evidence and on the only defense raised by the testimony. No objections were made to the charge of the court at the time of trial; hence, no question is raised as to the correctness of the same.

No reversible error appearing in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant still insists that the evidence is not sufficient to support the verdict. In determining such question it is the duty of this court in its reviewing capacity to determine whether there is any evidence in the record upon which the verdict of the jury might be based. In solving that question the evidence should be viewed in the strongest light from the standpoint of the State. Taylor v. State, 87 Texas Crim. Rep., 330, 221 S. W., 611; Mason v. State, 108 Texas Crim. Rep., 452, 1 S. W. (2d) 283; Jones v. State, 117 Texas Crim. Rep., 568, 36 S. W. (2d) 178.

Appellant's proposition apparently would reverse the rule just stated. It is not surprising that the jury put no credence in the testimony of appellant or his witness. Appellant admitted that he had been in the Federal penitentiary one time and in the State penitentiary three times; that one conviction was for robbery with firearms; that he had plead guilty also to ten cases of burglary, and four for theft, some being for theft of other fans out of churches.

Appellant's sister testified that he stayed at her house the night of the alleged present burglary. Appellant's witness (Blackie Reeves) testified that appellant stayed at his house on the night in question. The sister also testified that she did not see the stolen fan because Reeves had it in a sack, but through a torn place in the sack she saw "GE" on the fan. Reeves testified that he did not have the fan either in a sack or a box. He also testified—obviously to forestall a prosecution against himself—that he bought the fan in question from two men and got appellant to sell it for him. Appellant testified that Reeves

told him he got the fan in payment for work. The foregoing are only some of the contradictory statements which appear from the evidence offered by appellant.

Finding no merit in appellant's claim that the evidence is insufficient, the motion for rehearing is overruled.

*Overruled.*