CHARLES SMART V. THE STATE.

No. 22011. Delivered March 18, 1942.
Rehearing Denied April 22, 1942.

The opinion states the case.

*B. N. Richards,* of Dalhart, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for burglary. The punishment assessed is confinement in the State penitentiary for a period of five years.

The State's evidence, briefly stated, shows that Mrs. Florence Want, a widow 67 years of age, lived in a very small house located in the town of Dalhart; that about 11:00 o'clock on the night of October 11th, appellant came to her cabin, broke the door open, entered it, took hold of her and attempted to have sexual intercourse with her. He tried to throw her upon the bed but she resisted, got loose from him and fled to the home of a neighbor who lived across the street, where she reported the

occurrence. During the struggle with appellant, she received bruises and injuries to her arms.

Appellant took the witness stand and admitted that he went to the home of Mrs. Want at the time in question to look for a Mexican girl. He denied that he broke open the door. He stated that he shook or rattled the door, whereupon Mrs. Want lighted a lamp, opened the door and permitted him to enter; that when he entered the house, she appeared to be angry and struck at him; that he caught hold of her hands or arms to prevent her from striking him; that when he turned her loose she ran out of the house to the home of a neighbor and he then left. He testified that he did not attempt to have sexual intercourse with her; nor did he attempt to throw her upon the bed.

Appellant first complains of the action of the trial court in declining to sustain his motion for an instruction upon the ground that, under the evidence, they could not find him guilty of any grade of offense higher than aggravated assault. In our opinion, there was sufficient evidence from which the jury could reasonably draw the conclusion that appellant went to the home of Mrs. Want and broke into the same with the intent to ravish her. The State's evidence shows that after he entered the house by the use of force, he took hold of her arms and told her that she had to go to bed; that he tried to raise her kimono; that she struggled with him, extricated herself and ran across the street to a neighbor. This neighbor and a deputy sheriff both testified that Mrs. Want's arms disclosed scratches, bruises and discolorations.

Appellant testified that he went to the home of the prosecutrix on the night in question to see a girl by the name of Arcelia; that he had theretofore been to the home of the prosecutrix and slept there with Arcelia; that he had met other women and girls there. However, he did not know that Arcelia was in town on the night in question, but he knew that if she was, she would be at the home of the prosecutrix; that he did not go to the home of the prosecutrix with the intent to have intercourse with her.

If appellant had theretofore spent the night with Arcelia at the home of prosecutrix in that one-room house, it must have been with the consent or acquiescence of the prosecutrix. If this is true, then why did he break the door open with a screw-

driver? Why did he grab her arms and tell her she had to go to bed? Why did he raise her kimono? The facts strongly indicate his purpose and intent in entering the house by force. If he had on former occasions gone to the home of prosecutrix and met Arcelia and other women and spent the night, or a part of the night, with them there, it seems strange indeed that on this particular occasion she should object to his coming there. If his version of the affair is true, then why did he knock on the door and inquire if Arcelia was there? Why did he break the door open with a screwdriver, and after meeting with strenuous opposition, why did he make a quick exit and leave the screwdriver on the floor? We think that the evidence is sufficient upon which the jury could reasonably base their conclusion of the appellant's guilt.

In his motion for a new trial appellant contends that the verdict of the jury is insufficient upon which to base a judgment of conviction. The verdict reads as follows:

"We, the jury, find the defendant, Charles Smart, guilty of burglary of a private residence, at night, with the intent to commit rape, and we assess his punishment by confinement in the Penitentiary for five years."

It seems to be well settled in this State that a verdict should receive a liberal rather than a strict construction, and when the finding of the jury can be reasonably ascertained, the verdict is sufficient. See Branch's Ann. Tex. P. C., p. 331, sec. 646. Again, the charge of the court may be looked to in aid of the verdict. See Branch's Ann. Tex. P. C., p. 332, sec. 646.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains relative to the insufficiency of the testimony to sustain a conviction. The testimony as it appears in the record, is fairly and fully set forth in the original opinion. There was evidence offered by appellant that the reason of his

nocturnal visit to the home of the prosecutrix was because of the fact that he had heard that a certain Mexican girl, who had previously granted him sexual favors, had been in town and was inquiring for appellant, and he thought she might be found in such house of the prosecutrix. He offered proof of such, and by such proof showed that some two or three months previous to his entry in prosecutrix's home such girl had inquired about him from a friend. Evidently the jury thought the period of time elapsing between the inquiry and the search for the girl was too long to have furnished any grounds to believe she was still waiting for her laggard lover in prosecutrix's two room home.

The father of appellant offered testimony of carnal acts upon the part of prosecutrix with another, he claiming to have known her in New Mexico in 1917, and that he saw her in one carnal act with a certain person in about the year 1937. Possibly this was offered to show that it would not have been necessary to have utilized force in order to have an act of carnal intercourse with the prosecuting witness, she being promiscuous in awarding such favors.

In Branch's P. C., p. 998, he says:

"It is no defense to a rape by force that the woman was not a chaste female. Wilson v. State, 17 Texas Crim. App. 525; Wragg v. State, 145 S. W. 342."

It is also said in 32 Texas Digest, under the title "Rape," Key No. 40 (3):

"The character of the prosecutrix for chastity is a proper subject of inquiry as bearing on the probability of her consent to defendant's act; and such character may be shown by evidence of her general reputation in that respect, or of her previous intercourse with defendant, but not by proof of particular acts of unchastity with third persons," citing Dorsey v. State, 1 Tex. App. 33; Rogers v. State, 1 Tex. App. 187.

This rule was also early stated in 3 Greenleaf on Evidence, Sec. 214.

This court has also held that an inmate of a house of prostitution could be the subject of a rape by force, under the doctrine that her body was her own and she had the right to say

who should be the recipient of her sexual favors. See Taff v. State, 155 S. W. 214, 69 Tex. Cr. R. 528. Generally, relative to the proof of specific acts and conduct with others than the defendant, see Satterwhite v. State, 113 Tex. Cr. R. 659, 23 S. W. (2d) 356.

We think the trial court fully and fairly charged the jury relative to appellant's defense, with an admonition that if the jury had a reasonable doubt thereof, then they should acquit him. His defense failed to raise such doubt in their minds, and we think they were well within their province when they refused to believe his testimony.

The motion is overruled.