EX PARTE ARTHUR LOUIS BROWN.

No. 22324. Delivered November 11, 1942.

40

The opinion states the case.

*H. R. Bishop,* of Fort Worth, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This is an action to be determined upon the record presented with the application for the discharge of Arthur Louis Brown from confinement in the State penitentiary.

The relator is held in the State penitentiary under a commitment issuing from the District Court of Walker County in Cause No. 9732. The conviction in Walker County was for robbery by firearms, and sentence was five years in the penitentiary.

According to a certified copy of a statement by the general manager of the penitentiary system, the relator has received a credit of five years and six days on this sentence and is entitled to a release if he be not lawfully held under some other commitment.

The relator is also held by the respondent under a commitment issued by the Criminal District Court of Tarrant County in cause No. 35,946. In this cause the relator was convicted of the offense of burglary and his punishment was fixed at life in the penitentiary because of the finding by the jury in this case that he had previously been three times convicted of felonies. The relator contends that the judgment which was entered in the Criminal District Court of Tarrant County in 1934 is void. The basis of his contention is as follows:

1. The judgment is void because the relator was not found guilty of any offense against the laws of the State of Texas, because the verdict rendered by the jury is so indefinite and uncertain that no legal and valid judgment and sentence could have been passed.

2. The sentence and the judgment are void for the reason that one of the previous convictions assigned was a conviction for robbery by firearms which is a capital offense; and the habitual criminal statute applies only to previous convictions for felonies less than capital.

3. He contends that the conviction is void because the indictment fails to allege that the other convictions assigned were previous and prior convictions for felonies committed prior to the conviction in the last case.

Cause No. 35,946 was appealed to this court and the case was affirmed by this court in 128 Criminal Reports, 321; 81 S. W. (2d) 82. This is a collateral attack upon a judgment. A collateral attack may not be made upon a judgment unless it is wholly void, as distinguished from there being a mere irregularity, or as distinguished from the judgment merely being voidable. Ex parte Pruitt, 141 S. W. (2d) 333; Ex parte Seymour, 128 S. W. (2d) 46. The judgment is not void for, upon the original appeal of this case, it could have been reformed under the authority of Article 847, Code of Criminal Procedure. This is true because the court has the right to consider the whole record in determining what judgment should have been

entered by the trial court and may correct the judgment and sentence. The court has the right to consider the whole record in determining what the correct judgment would be. In the case that relator attacks because of the void judgment it appears from the opinion that he is charged with burglary committed on the 16th day of June, 1933. Previous convictions were assigned on September 21, 1931, December 17, 1919, July 9, 1917. The court, in his charge, instructed the jury that if they found the defendant guilty of the offense of burglary alleged to have been committed on the 16th of June, 1933, and also found that he had been previously convicted for three other offenses of the grade of felony, then the jury should find the defendant guilty of the offense as charged in the indictment and render the following form of verdict: "We, the jury, find the defendant guilty." The jury returned a verdict of "We, the jury, find the defendant guilty." The effect of this was to find that the defendant was not only guilty of the offense of burglary charged, but also that had been previously convicted of the offenses charged in the indictment. This is revealed by the statement of facts filed in this court in connection with the original appeal, because it is specifically agreed at page eight of the statement of facts that the relator was the same person who was previously convicted in the offenses charged in the indictment. Morris v. State, 161 S. W. (2d) 1090; Pullen v. State, 84 S. W. (2d) 723. Clearly the jury found the defendant guilty of burglary, as charged in the indictment, and found that he had previously been convicted of the offenses as charged in the indictment. The charge of the court may be used in connection with the verdict. Branch's Annotated Penal Code, Sec. 646, page 332; Morris v. State, 161 S. W. (2d) 1090; Ross v. State, 13 S. W. (2d) 701. The judgment of the court then recited the verdict of the jury and the court considered and ordered that the verdict of the jury be in all things approved and confirmed, and that defendant was guilty as above as charged in the indictment, and fixed punishment at confinement in the penitentiary for life. In reforming a judgment, under the authority of Article 847, Code of Criminal Procedure, we should consider the verdict and the indictment and reform the judgment so as to properly describe the offense. Ross v. State, 13 S. W. (2d) 701. The sentence of the court recited that the defendant had theretofore been found guilty, as charged in the indictment, and likewise fixed punishment at life in the penitentiary. Therefore, the judgment is not void but is merely incomplete on its face and is completed by resort to

the indictment and verdict of the jury, both of which are referred to in both the sentence and the judgment.

Prosecution was under the terms of Article 63 of the Penal Code, which provides for the enhancement of punishment, and fixes punishment at life imprisonment where a party is for the third time convicted of a felony less than capital. The appellant contends that the judgment here is void because one of the previous convictions assigned was a capital offense, that is, robbery by firearms. It will be noted, however, that the indictment assigns, not merely two previous convictions, but three. Two of the three previous convictions assigned were for felonies less than capital, to-wit: burglary and felony theft. A finding by the jury that the relator was previously convicted of these two offenses, without a consideration of the charge that he was previously convicted of robbery with firearms, would sustain the judgment of the court fixing the punishment at life in the penitentiary. While the indictment might have been subject to a motion to quash, at least to the extent of the charge of robbery with firearms, no such motion was made and the verdict may be applied to good counts in the indictment in such a manner as to sustain the punishment fixed. This does not make the judgment void. Even if the punishment was excessive under the authority of Ex parte Pruitt, 141 S. W. (2d) 333, a collateral attack would not lie in the face of the facts alleged in the application.

It is further contended that the allegation in the indictment which set out previous convictions are insufficient because they fail to allege that the convictions were for offenses committed prior to the respective subsequent convictions alleged. Such contention would have been tenable if timely made, but the defendant would be required to reach such by an attack in the trial of said cause by a motion to quash, and the question may not be asserted in the manner attempted. Ex parte Seymour, 128 S. W. (2d) 46 and Ex parte Pruitt, supra.

It, therefore, appears that the relator is not entitled to the relief sought in his application and the same is accordingly denied and no writ will issue.