JOHN SQUARE V. THE STATE.

No. 22284.  Delivered November 11, 1942.
Rehearing Denied January 6, 1943.

The opinion states the case.

*W. E. Pinkston,* of Dallas, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted as an habitual criminal and his punishment was assessed at confinement in the State penitentiary for life.

This is the second appeal in this case. The opinion delivered by this court on the former appeal may be found reported in Volume 154 S. W. (2d) 852. (142 Texas Crim. Rep., 493). The evidence adduced on this trial is substantially the same as that on the former trial and we deem it sufficient to sustain the conviction. On the former appeal this court reversed the judgment and remanded the case on the ground that the trial court erred in declining to sustain appellant's motion to quash the indictment because of insufficient allegations as to former convictions. Thereupon the District Attorney moved to dismiss the indictment, which motion was granted, but the grand jury re-indicted the appellant, thereby curing the defects in the former indictment. However, on this trial the appellant,

by a motion timely made, sought to quash the indictment, but the court overruled the same, to which he excepted. We have carefully examined the indictment in the light of the objections urged thereto and reached the conclusion that it is sufficient in that it properly charged appellant with the commission of the offense of theft of property of the value of $202.00, and further charged that he had theretofore on the 23rd day of December, 1924, been convicted in the Criminal District Court No. 2 of Dallas County of a felony less than capital, to-wit, the offense of knowingly and fraudulently passing as true a false and forged instrument in writing with the intent to defraud, and that he had theretofore on the 4th day of June, 1926, been convicted in the Criminal District Court of Dallas County of a felony less than capital, to-wit, burglary; that the offense of knowingly passing a forged instrument was committed by him prior to the commission of the offense of burglary and that the offense of burglary for which he was convicted in the Criminal District Court of Dallas County was committed by him prior to the commission of the offense of theft charged in the indictment.

Appellant also complains of the action of the trial court in overruling his second motion for a continuance. This motion is based on the absence of certain witnesses therein named, but it fails to state what he expected to prove by said witnesses or would have proved by them if they had been in attendance upon the court. In the absence of such showing neither the trial court nor this court is in a position to determine whether or not the testimony would have been material to the defendant's defense. Consequently the court's action in overruling the motion was proper.

Appellant next complains of the court's action in declining to give his special requested instruction to the jury to return a verdict of not guilty on the ground that the evidence showed that the injured party intended to and did in fact pass the title to the $202.00 in money when she gave it to the defendant. We are not in accord with this contention for the reason that the evidence shows that he obtained this money through false pretenses and false representations.

All other matters urged by appellant as grounds for an instructed verdict of not guilty have been considered by us and are deemed to be without merit. We see no need of entering

upon a detailed discussion thereof because to do so would only extend this opinion at great length and serve no useful purpose.

The record discloses that appellant filed a plea of former jeopardy in which he alleged that on the former appeal of this case, this court held the first count in the indictment sufficient to charge the offense of theft of $202.00 from Edmonia Nolley but that the other two counts charging the commission of prior offenses and his conviction for said offenses prior to the commission of the offense of theft were insufficient and therefore reversed and remanded the case; that upon a reversal of said judgment the former indictment was dismissed and another indictment was returned into court charging him with the same offense as those charged in the first instance; that this second trial would place him in jeopardy twice for the same offense. We are not in accord with this contention. The indictment did not contain three separate counts. There really was but one count which charged theft, and the allegations of his former convictions of felonies less than capital were but allegations, when sustained by proof to enhance his punishment. To refer to such allegations as "counts" is a loose expression which may appear in some adjudicated cases. The meaning of a "count" is that it charges a distinct offense, and where there are more than one count in an indictment, each count must definitely charge the commission of an offense so that the court may submit the case upon either one of the counts which is supported by evidence in order that the punishment prescribed therefore may, upon conviction, be imposed upon the accused. The basis for a conviction in this case rested entirely upon the charge of theft. If the State failed to sustain said allegation by evidence then the allegation of former convictions, no matter how well sustained by evidence, also passed out. In other words, when the main circus folded up and moved out all side-shows went with it. We have reversed many cases in which we held the indictment sufficient to charge an offense but the reversal of the case was based upon other grounds. However, this would not constitute former jeopardy.

It appears that appellant addressed five objections to the court's main charge but the record fails to show that these were ever presented to the court or that the trial judge took any action thereon. Hence no error is reflected.

Finding no reversible error in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

We think that the original opinion in this cause properly disposed of all questions requiring consideration.

We note, however, in his motion for rehearing, that appellant calls special attention to the seventeenth paragraph of his motion to quash the indictment "based upon the failure of the indictment to allege that the defendant had not been pardoned for the offenses used in this case to enhance the penalty." Appellant's motion then states the proposition of law upon which it bases this, as follows: "If he had been pardoned in either or both of said cases they could not be used to enhance his punishment in this case." Admittedly this court, together with the courts of several states, has in the past held that the pardoning power of the governor wiped out the existence of a former conviction and left the record as though it had never been. This line of cases followed the early English decisions which, under the procedure of that country, were accepted as logical. It should never have been followed by an American court, where the power of the executive does not extend to and supersede the final judgments of the judicial branch of our government.

In the recent case of Jones v. State, 147 S. W. (2d) 508, this court declined to follow the former decisions so that it may now be said that the pardoning power of the executive has no effect whatsoever on the judgment or any portion of the penalty prior to the date of the governor's proclamation and the proposition of law stated by appellant is no longer correct.

The motion for rehearing is overruled.