

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

February 9, 1971

Honorable O. N. Humphreys, Jr.
Administrator
Texas Alcoholic Beverage
    Commission
Capitol Station
Austin, Texas 78711

Opinion No. M-789

Re: The effect of a Governor's pardon granted to a convicted felon who makes application for a Wine and Beer Retailer's Permit prior to the expiration of three years next succeeding the granting of such Governor's pardon.

Dear Mr. Humphreys:

Your request for an opinion presents the following question:

Whether or not an applicant who has previously been convicted of a felony and sentenced to a term of thirty years in the Texas Department of Corrections and thereafter placed on parole, is disqualified from receiving a Wine and Beer Retailer's Permit even though he was granted a full pardon on May 26, 1970, by the Governor for his conviction on September 28, 1955.

Article 667-5F, Vernon's Penal Code, provides in pertinent part, as follows:

"(a) the county judge shall refuse any original application for a Retail Dealer's On-Premise License or a Wine and Beer Retailer's Permit if he finds that the individual applicant, or the spouse of such applicant, has at any time during the three years next preceding the filing of such application been finally convicted of a felony, or any of the following offenses:

". . . .

"(9) violation of penal law involving firearms or other deadly weapons or if he finds that three

-3838-

years has not elapsed since the termination of
any sentence, parole or probation served by the
applicant, or the spouse of such applicant, as
the result of a felony prosecution, or prosecu-
tion for any type of offense named herein.

"..."

The annotation in 31 ALR2d 1186 discusses the effect of
a pardon on a prior felony conviction where it is sought to use
such prior felony conviction for the purpose of enhancing a sub-
sequent conviction. The annotation indicates that there is a
split of authority. The majority's view is that a pardon does
not serve to obliterate the prior felony conviction where it is
sought to be used in enhancement proceedings, the minority's
view being to the contrary. Until 1941 Texas had voted with the
minority, holding that the pardoning power of the Governor wiped
out the existence of a former conviction and left the record as
though it had never been. In Jones v. State, 147 S.W.2d 508
(Tex.Crim.App.1941) the Texas Court of Criminal Appeals declined
to follow the former decisions, thus joining the ranks of the
majority. After tracing the history of what they considered to
be an erroneous decision, the court explained its reasons for a
change of course:

"Again this court has consistently held that a
witness may be examined as to his previous conviction
for the purpose of enlightening the jury as to his
credibility and this though the Governor had granted
him a full and unconditional pardon. We find no condi-
tion under which our courts have ever held the Gover-
nor's pardon to effectively wipe out the existence of
a fact, save and except in the application of the en-
hancement statute. Our holding herein will be consis-
tent with the holding on the same subject in all other
cases.

"The Governor can forgive the penalty, but he has
no power to direct that the courts shall forget either
the crime or the conviction. The pages written by the
court's decree are in the minutes still." (at p. 511.)

To the same effect is a case in the Court of Criminal Appeals
of Texas the following year, Square v. State, 167 S.W.2d 192 (Tex.
Crim.App. 1942.) In overruling the motion for rehearing the court

cited approvingly Jones v. State, 147 S.W.2d 508, saying:

> ". . . this court declined to follow the former decisions so that it may now be said that the pardoning power of the executive has no effect whatsoever on the judgment or any portion of the penalty prior to the date of the governor's proclamation . . ." (at p. 194.)

In 30 ALR2d 893, the annotation concludes that a prior felony conviction may be used for impeachment even though such convicted felon has been granted a pardon for such offense. To the same effect is Bernard's, Inc. v. Austin, 300 S.W. 256 (Tex. Civ.App. 1927, error ref.) In this case, however, the court held that the impeaching evidence of the witness' conviction, fourteen years before the trial, was too remote.

In Handkamer v. Templin, 143 Tex. 572, 187 S.W.2d 549 (1945) the Texas Supreme Court had before it the case of a lawyer who had been disbarred following a felony conviction. He had been sentenced to the penitentiary for a term of years and thereafter paroled. Later, he was granted by the Governor of the State a full pardon. Denying the disbarred lawyer's application for a Writ of Mandamus the court said:

> "The full pardon removed from petitioner the penalties and disabilities which attached in virtue of his conviction and restored to him his civil rights; but, as pointed out Ex parte Stephenson, supra (243 Alabama 342, 10 So.2d 3), 'the pardon and restoration of his political and civil rights do not of themselves restore the petitioner to the office of an attorney.' " (at p. 550-551)

To the same effect is the California case, Feinstein v. State Bar, 248 P.2d 3 (Cal.Sup. 1952) there the court said that a pardon does not reinvest the applicant with those essentials required of an attorney.

From the foregoing therefore, it seems clear that a Governor's pardon does not wipe the slate clean so as to completely obliterate the conviction from the record. Considering then that the legal burdens of the conviction continue to exist up to the time of the issuance of the pardon by the Governor, the only effect that can be ascribed to such pardon is the termination of those

burdens. Therefore, the pardon of the Governor has only the effect of a "termination of parole" within the language of Article 667-5F, supra. Therefore, the applicant will be required to wait a period of three years subsequent to the issuance of the pardon before he is eligible to make application for a permit.

### S U M M A R Y

The application for a Wine and Beer Retailer's Permit by a person who was convicted of a felony on September 28, 1955, and sentenced to thirty years in the Texas Department of Corrections, and who was granted a full pardon by the Governor on May 26, 1970, may be considered after May 26, 1973.

The pardon does not obliterate the conviction from the record for the purpose of administering the Texas Liquor Control Act.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Max P. Flusche
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W.E. Allen, Co-Chairman

Ben Harrison
Dick Chote
Austin Bray
Bob Lattimore

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant