**Lawrence Jefferson PITTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-87-00048-CR.**

Court of Appeals of Texas,
Dallas.

Aug. 17, 1987.

Richard Weaver, McKinney, for appellant.

Nick Warden, McKinney, for appellee.

Before STEPHENS, McCLUNG and LAGARDE, JJ.

McCLUNG, Justice.

Lawrence Jefferson Pitts was tried before a jury and convicted of aggravated assault. After having found the two enhancement allegations in the indictment were true, the jury assessed punishment at thirty-eight years imprisonment in the Texas Department of Correction. In three points of error, appellant asserts that: (1) there was insufficient evidence to prove that appellant caused serious bodily injury to the complainant, or that appellant caused serious bodily injury to complainant by striking the complainant *with his hands* and, (2) the verdict returned by the jury was not authorized by law and is void. We affirm.

Appellant insists that insufficient evidence exists to prove that appellant caused serious bodily injury to the victim. Appellant was charged with aggravated assault pursuant to Section 22.02(a)(1) of the Penal Code. TEX.PENAL CODE ANN. § 22.02(a)(1) (Vernon Supp.1987) states, in pertinent part:

> (a) A person commits an offense if that person commits assault as defined in Section 22.01 of this code and the person:
>
> (1) causes serious bodily injury to another, including the person's spouse;

Serious bodily injury is defined as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX PENAL CODE ANN. § 1.07(a)(34) (Vernon 1974).

The victim testified that he was struck about the face numerous times by the appellant. As a result of the attack on him he suffered five broken bones in the facial

area and profuse bleeding. Several surgical proceedings were required to repair the damage. The victim's jaw was wired shut for eight weeks. The victim, to this day, must wear braces on his teeth in an attempt to undo the orthodontal damage caused by the assault.

Dr. Richard Toranto, the treating physician, testified that when the victim was brought to the hospital his orbital bones, nasal bones, cheekbone, and jawbone were fractured. Dr. Toranto further testified that if these injuries were left untreated the following would have occurred: (1) the victim's left eye would have been displaced; (2) he would have suffered from double vision; (3) he would not have been able to to open his jaw fully; (4) his teeth would not have aligned properly leading to permanent joint injury for the jaw; and, (5) he would never have been able to breath normally through his nose again. Dr. Toranto testified that without proper treatment substantial disfigurement would have occurred but that even with prompt and proper medical treatment substantial disfigurement remained a distinct possibility.

■ In evaluating the sufficiency of the evidence for a criminal conviction, the standard is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979). A rational trier of fact could readily have found from the evidence that appellant's attack caused the victim serious bodily injury. *Brown v. State*, 605 S.W.2d 572, 574–75 (Tex.Crim.App.1980); *Rollins v. State*, 542 S.W.2d 163, 164 (Tex.Crim.App.1976).

Appellant also complains of the sufficiency of the evidence to prove that the victim's serious bodily injury was caused by appellant striking the victim *with his hands.*

■ The victim testified that he could not determine what he was struck with but that he saw nothing in appellant's hands. Dr. Toranto testified that he had the expertise to determine how certain injuries occurred. Dr. Toranto stated that based on reasonable medical certainty, the injuries to the victim were caused by a fist. Indeed, appellant's attorney during cross-examination of Dr. Toranto elicited testimony from him that he did not believe, based on the injuries suffered, the victim could have been struck with anything besides a fist. We hold a rational trier of fact could have found from the evidence that appellant caused serious bodily injury by striking the victim with his hands.

■ Appellant's last contention is that the jury verdict returned did not support the punishment assessed. The indictment included three enhancement paragraphs designated as Counts A, B, and C.[1]

Enhancement paragraph A alleged that prior to the commission of the present offense appellant had been convicted of rape. Enhancement paragraph B alleged that prior to the commission of the present offense appellant had been convicted of perjury. Enhancement paragraph C alleged that appellant's final conviction for perjury occurred before appellant committed the rape offense and that the final convictions for perjury and rape occurred before appellant committed the present offense.

TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1987) states, in pertinent part:

(d) If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years.

---

1. District Attorney's in this state persist in referring to enhancement allegations as counts despite repeated admonishments about the incorrectness of doing so. E.g. *Tomlin v. State*, 722 S.W.2d 702, 706–07 (Tex.Crim.App.1987) (Onion P.J. concurring); *Square v. State*, 145 Tex.Crim. 219, 167 S.W.2d 192, 193–94 (1942).

The trial court charged the jury that if they found that appellant had been duly convicted of rape and perjury, and that the conviction for perjury was final before the commission of the rape, and that the convictions for both offenses were final before the commission of the aggravated assault, then they were to find "Count A and Count B" true and assess appellant's punishment within the range set in section 12.42(d) of the penal code.

The jury verdict on punishment read:

We, the Jury, having found the defendant guilty of Aggravated Assault, as charged in the indictment, further find from the evidence beyond a reasonable doubt that he was, prior to the commission of the aforesaid offense of Aggravated Assault, two times duly and legally convicted of a felony less than capital, as charged in the indictment in this case, and, therefore, that the allegations with respect to the prior convictions, as alleged in Count A and Count B of the indictment, are "True", and we assess his punishment at *38* years confinement in the Texas Department of Corrections.

Appellant argues that Section 12.42(d) of the penal code requires the fact finder to make the following findings:

(1) The Defendant has previously been convicted of two felony offenses;

(2) The second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final.

■ It is the appellant's position that the jury, by finding "Count A and Count B" of the indictment as true, only found that appellant had been previously convicted of two felony offenses, and did not find that the first previous conviction became final before the commission of the second felony. We agree with appellant that § 12.42(d) requires the factfinder to find: (1) the defendant has previously been convicted of two prior felonies; (2) the second felony was committed subsequent to the first felony conviction having become final; and, (3) both previous felony convictions became final before the commission of the

present offense. *Washington v. State,* 677 S.W.2d 524, 527 (Tex.Crim.App.1984); *Ex Parte Augusta,* 639 S.W.2d 481, 484 (Tex. Crim.App.1982); *Fitzgerald v. State,* 722 S.W.2d 817, 821 (Tex.App.–Tyler 1987, pet. filed). Nevertheless, we hold that the proper findings were made by the jury.

A verdict should receive a liberal construction, and it is sufficient if the jury's intention can be ascertained from the verdict itself, *or in connection with the court's charge. Ex Parte Brown,* 145 Tex. Crim. 39, 165 S.W.2d 718, 720 (1942); *Smart v. State,* 144 Tex.Crim. 93, 161 S.W. 2d 97, 99 (1942). It is true that the jury verdict read literally only finds that the appellant had been previously convicted of two felonies. However, the charge to the jury stated that if, and only if, the jury found the following facts could the jury assess punishment pursuant to § 12.42(d). The jury was required to find: (1) appellant had final prior convictions for rape and for perjury; (2) the conviction for perjury became final prior to the commission of the rape; (3) both convictions became final prior to the commission of the present offense of aggravated assault. If the jury found all of the above facts true, then the trial court instructed them to find the allegations in "Count A and Count B" as true and so state in their verdict in the verdict form provided by the trial court. The jury followed the trial court's instructions to the letter.

■ If we were to agree with appellant's contention, then the jury would have been prohibited from assessing punishment under § 12.42(d). All of the verdict forms provided by the trial court only referred to "Count A and Count B" of the indictment. Yet the trial court charged the jury that they must find all of the elements required under § 12.42(d) before they could assess punishment under the statute. The jury returned a verdict in the exact wording the trial court instructed them to, *if they found true all of the elements required under § 12.42(d).* There is no dispute but that the record contains sufficient evidence

to support such a finding. We hold that, examining the verdict in light of the charge, the jury found as true all of the elements required by § 12.42(d)[2]. See *Brown*, 165 S.W.2d at 720; *See also Creswell v. State*, 167 Tex.Crim. 625, 322 S.W. 2d 259, 260 (1959).

The judgment is affirmed.

LAGARDE, Justice, concurring.

I wholeheartedly concur in the result reached by the majority. I disagree only with that portion of the majority which states "[i]t is true that the jury verdict read literally only finds that the appellant had been previously convicted of two felonies." I read the parenthetical "as alleged in Count A and Count B of the indictment" to refer to *prior convictions*, not *allegations*. Therefore, leaving out such parenthetical, I read the jury verdict to say "that the allegations with respect to the prior convictions ... are 'True.' " Inasmuch as the allegations contained in paragraph C were "with respect to the prior convictions," I read the verdict to be a finding that all allegations with respect to the prior convictions were found by the jury to be true, including those in paragraph C.

In any event, when the jury verdict is read in light of the charge as a whole, there is no doubt the jury found as true all of the elements required under section 12.-42(d) of the penal code.

2. Our holding in no way condones the jury verdict forms used by the trial court. If the trial court had used jury verdict forms that clearly and explicitly had all of the elements required under § 12.42(d) much time, money, and effort could have been saved by all concerned.