**Pete PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–98–01075–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 1, 2000.

Kenneth W. Brauer, Houston, for appellants.

Peyton Peebles, III, Houston, for appellees.

Panel consists of Justices SEARS, CANNON and HUTSON–DUNN.*

## O P I N I O N

BILL CANNON, Justice (Assigned).

Appellant was found guilty by the jury of sexual assault and sentenced to thirty years' confinement. He appeals under two points of error, complaining of error by the trial court in admitting exhibits of his prior convictions and in accepting an "informal" judgment of the jury on punishment. We affirm.

In his first point of error, appellant alleges that the trial court erred in admitting State's Exhibits 24–31 over his objections that they lacked relevancy. Exhibits 24–31 were copies of his prior criminal record, produced as business records. When the State offered the records into evidence, appellant objected that the State had failed to link the records to him. The State responded that appellant's name was on the records and that subsequent testimony would prove they were his prior

---

* Senior Justices Ross A. Sears, Bill Cannon, and D. Camille Hutson–Dunn sitting by assignment.

convictions. The trial court overruled appellant's objection and admitted the records into evidence. Through its fingerprint expert, the State then proved up that the records were indeed those of appellant. Appellant concedes on appeal that the relevancy issue was resolved by the fingerprint expert's testimony following admission of the exhibits; nonetheless, he argues that the exhibits were inadmissible and denied him a fair trial.

The admissibility issue raised here by appellant has been rejected by the Texas Court of Criminal Appeals and other appellate courts of our state. *See Beck v. State*, 719 S.W.2d 205, 209 (Tex.Crim.App. 1986); *Rosales v. State*, 867 S.W.2d 70 (Tex.App.-El Paso 1993, no pet.). Significant to resolution of appellant's point of error is the distinction between a determination that a prior conviction has been sufficiently linked to a defendant to permit its admission, and a determination that the evidence is sufficient to prove a prior conviction. The first inquiry is procedural and is primarily one of conditional relevancy, while the second inquiry is one of sufficiency. Appellant does not attack the sufficiency of the evidence to prove the prior conviction. Rather, at trial and now on appeal, he urges that it was error to admit these exhibits because they were not sufficiently linked to him prior to admission. Therefore, appellant's complaint is directed toward the conditional relevancy of Exhibits 24–31. *See id.* at 72.

■ Evidence should not be excluded merely because its relevance may depend upon the production of additional evidence at a later point in the trial or because its probative strength is alone insufficient to prove a significant fact. *Fuller v. State*, 829 S.W.2d 191, 197 (Tex.Crim.App.1992); Tex. R. Crim.Evid. 104(b). When properly authenticated copies of the convicting court's judgment and sentence are used, they are admissible at trial. Tex.R.Crim. Evid. 901(b)(7), 902(2), and 902(4); *Beck*, 719 S.W.2d at 210. However, the relevance of records showing a prior criminal

conviction is conditioned upon the introduction of evidence sufficient to support a finding that the defendant on trial is the same person as the one previously convicted. *See Beck*, 719 S.W.2d at 210–11; *see also Cain v. State*, 468 S.W.2d 856 (Tex. Crim.App.1971).

■ When authenticated copies of the conviction records are offered into evidence in an effort to prove a prior conviction as a part of a defendant's "prior criminal record," it is not essential that the supporting evidence as to identification precede the admission of the evidence. *Beck*, 719 S.W.2d at 210; Tex.R.Crim.Evid. 104(b). If after all proof on the fact in question has been received, the evidence does not in the aggregate support a rational finding that the defendant is the same person as the one previously convicted, the fact finder should not be allowed to consider the evidence of the conviction. See *Fuller*, 829 S.W.2d at 197; *Beck*, 719 S.W.2d at 210–11. *See also Rosales*, 867 S.W.2d at 72–73. As the trial court did not err in admitting the exhibits, and as appellant agrees that relevancy of the exhibits was subsequently established by the State, no error has been shown. Appellant's first point of error is overruled.

By his second point of error, appellant complains that the trial court erred in accepting an "informal" verdict on punishment. The record reflects that the jury foreman signed *three* alternative punishment verdicts: one for life imprisonment; one for life imprisonment with no fine, and one for thirty-years' confinement. However, the trial court read the "thirty years' confinement" verdict in open court, and asked the jury if it was their verdict. The jury responded "yes" in unison. Appellant declined to poll the jury, and the jury was excused. Appellant now argues on appeal that the verdict is informal and improper, and as the trial court accepted it without sending it back to make it "formal," there was reversible error. Appellant's complaint is that the trial court improperly received conflicting signed jury verdict

forms which provided for three different punishments.

 It is the duty of the trial judge to reject unresponsive, incomplete or insufficient verdicts, call the problem to the attention of the jury and have the problem corrected with the jury's consent or reconsideration. TEX.CODE CRIM. PROC. ANN. Art. 37.10(a). *Reese v. State,* 773 S.W.2d 314 (Tex.Crim.App.1989); *White v. State,* 866 S.W.2d 78 (Tex.App.—Beaumont 1993, no pet.). As this was not done in this case, nor did appellant object or otherwise bring the problem to the court's attention, other authority and cases must be looked to for guidance. *Id.* at 86. We note that this alleged error is not constitutional in nature and has not been based on a substantial right of appellant, and is subject to a "harmless error" review.

■ The general rule is that a jury's verdict should be held good if the jury's intention can reasonably be ascertained. *Brinson v. State,* 570 S.W.2d 937, 939 (Tex. Crim.App.1978); *Ainsworth v. State,* 517 S.W.2d 274, 277 (Tex.Crim.App.1975). A verdict should receive a liberal rather than a strict construction and, when a finding of the jury can be reasonably ascertained, the verdict is sufficient. *Smart v. State,* 144 Tex.Crim. 93, 161 S.W.2d 97, 99 (1942); *Tapley v. State,* 673 S.W.2d 284, 290 (Tex. App.—San Antonio 1984, pet. ref'd).

A similar situation was addressed by the appellate court in *White v. State,* 866 S.W.2d 78 (Tex.App.—Beaumont 1993, no pet.), where the foreman signed two punishment verdict forms, one for life with a "$0" fine and one for sixty years' confinement. In applying *Smart* and *Brinson,* the court held that a reasonable and liberal construction of the verdict forms would be that the jury intended a sixty year sentence without a fine, particularly as the sentence of sixty years was the one pronounced by the judge in open court and reflected in the judgment.

■ In the instant case, we find that a reasonable and liberal interpretation of the jury's verdict forms leads us to conclude that the jury intended a thirty year sentence without a fine. This was the sentence that was read in open court and agreed to by the jury, and the sentence that was reflected in the court's judgment. We find no error by the trial court, and certainly none which harmed appellant in any manner. *See* TEX.R.APP. P. 44.2. Appellant's second point of error is overruled.

The judgment is affirmed.