Opinion filed December 6, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed December 6,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00024-CR 

                                                    __________

 

                              BRADLEY PHILLIP HOGUE, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 32nd District Court

                                                          Nolan
County, Texas

                                                    Trial
Court Cause No. 10142

 



 

                                                                   O
P I N I O N

 

The
jury convicted Bradley Phillip Hogue of the offense of injury to a child
causing serious bodily injury, a first degree felony under Tex. Penal Code Ann. ' 22.04 (Vernon Supp.
2007).  The jury assessed punishment at confinement for eighty-five years and a
$10,000 fine.  We affirm.  

Appellant
presents two issues for review.  In the first issue, he challenges the legal
and factual sufficiency of the evidence.  In the second issue, he complains of
the admission of prior convictions during the punishment phase of the trial. 

                                                        Sufficiency
of the Evidence








In
order to determine if the evidence is legally sufficient, we must review all of
the evidence in the light most favorable to the verdict and determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  To determine if the
evidence is factually sufficient, we must review all of the evidence in a
neutral light.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006) (overruling in part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim.
App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App.
2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
Then, we must determine whether the evidence supporting the verdict is so weak
that the verdict is clearly wrong and manifestly unjust or whether the verdict
is against the great weight and preponderance of the conflicting evidence.  Watson,
204 S.W.3d at 414-15;  Johnson, 23 S.W.3d at 10-11.  We must also give
due deference to the jury=s
determinations of fact, particularly those determinations concerning the weight
and credibility of the evidence.  Johnson, 23 S.W.3d at 8-9.

The
record shows that appellant was home alone with the victim and an infant when
the victim sustained a spiral fracture to the middle of the femur in her left
leg (the large thigh bone).  The victim was two and one-half years old. 
Appellant told the paramedic and an investigator that the victim was riding her
bike on the sidewalk and that, when she attempted to turn around, she fell. 
The bike, a small bike with training wheels, was taken into custody and
introduced at trial.

Dr.
Andrew Stoebner, an orthopedic surgeon who treated the victim in the emergency
room, testified that the victim=s
injuries were apparent and that, upon sustaining the fracture, the victim would
have been in immediate pain.  Dr. Stoebner performed surgery on the victim=s leg, placing a small
metal rod through the middle of the bone to hold it in position, and then
placed the leg in a long cast.  In addition to the spiral fracture, the victim
had eight to ten fingertip-size bruises on her chest, various bruising of
different ages, fingernail marks mid-thigh on the broken leg, elevated liver
enzymes likely caused by blunt trauma, and an adrenal mass.  Dr. Stoebner
testified that the marks on the victim=s
thigh seemed to correlate with somebody gripping her leg in that position and
twisting it.  Even though he admitted that it was possible to incur a twisting
break on a bicycle, he did not think that could have happened under the
circumstances in this case.  Dr. Stoebner stated that the thigh bone is
difficult to break and that the victim=s
bike accident would not have created enough force to cause the break.  Dr.
Stoebner concluded that the victim=s
spiral fracture was not the result of an accident and that it constituted
serious bodily injury because, if left untreated, such a fracture could lead to
severe deformity and a limp.








Pediatrician
Dr. Paige LeMasters also examined the victim in the emergency room and
performed a full physical exam of the victim except for her broken leg, which
was in a splint at the time.  Dr. LeMasters observed numerous bruises and
abrasions on the victim, including an abrasion on her left ear, bruises on her
forehead, numerous bruises on her abdomen and chest, a bruise on her left arm,
some bruising on her back, and a bruise on her nose.  The results of the victim=s lab and radiology tests
contained significant abnormal findings, including elevated liver enzymes,
blood in the urine, and an adrenal mass.  Dr. LeMasters described the adrenal
mass as a hematoma B a
bruise on the inside of the body.  The elevated liver enzymes were determined
to have been caused by trauma B
most likely caused by a blow of significant force to the abdomen or back.  Dr.
LeMasters reiterated that significant force would be required to cause a spiral
fracture of the femur and that, in her opinion, such a fracture could not be
caused by a two-and-one-half-year-old falling from a bike. The symptoms from
the victim=s fracture
would have been immediately apparent, and the victim would not have wanted to
ride a bike after the fracture.  In Dr. LeMasters=s
opinion, the victim=s
fracture was the result of abuse.  Dr. LeMasters testified that her opinion
regarding the cause of the fracture was not based upon the victim=s other injuries.  These
other injuries, however, played a role in the doctor=s determination that the victim was an abused
child and suffered from battered child syndrome.  Dr. LeMasters also testified
that the fracture constituted serious bodily injury because, without treatment,
the fracture would have led to permanent disability and possible disfigurement.

A
nurse from the hospital testified about an incident that occurred while the
victim was in a hospital room equipped with a security camera.  The nurse heard
the victim screaming and looked up and saw appellant standing in front of the
victim blocking the camera=s
view of the victim.  The nurse went into the room and noticed that the victim
had moved as far away from appellant as she possibly could.  Appellant turned
and looked at the nurse and then left the room.








Appellant
called Dr. Lloyd White, a forensic pathologist, as an expert witness.  Dr.
White examined the victim=s
medical records and determined that the victim=s
fracture was nonspecific, meaning it could have resulted from an accident or
abuse.  Dr. White testified that the victim could have sustained her broken leg
from a bike accident if she fell in such a way that her leg got caught and
twisted.  Dr. White strenuously disagreed with any doctor=s definitive conclusion
regarding the cause of the fracture or the marks on the victim=s leg.  Dr. White agreed
that the victim would be crippled and her leg deformed if the fracture had not
been treated.  Dr. White also agreed that, taking the case as a whole, he would
regard the victim=s
injuries as suspicious for child abuse.

Evidence
regarding the cause of some of the victim=s
other injuries was introduced.  Amber Malanitch, who was the victim=s mother and appellant=s girlfriend, testified
that appellant was a very loving father to both of Malanitch=s daughters.  Malanitch
admitted that she had accidentally bruised the victim=s abdomen and chest area while they were
playing.  According to Malanitch, the victim bruised easily.  Malanitch also
testified that the victim=s
bike was wobbly and that she had ridden off the porch and hurt herself within
days before breaking her leg.  Malanitch testified that the victim was a
difficult child and that she threw fits during which she would often
self-inflict injuries. Malanitch stated that the victim liked to bang her head
on things when she did not get her way.  Malanitch admitted holding the victim
down until she stopped.

Appellant=s mother, Verna Campbell,
testified that appellant was awesome with the victim and that he was the victim=s primary caregiver. 
Campbell confirmed that the victim=s
bike was not sturdy because it had a piece missing from one of the
training-wheel areas.  Campbell testified that, the day before she broke her
leg, the victim had ridden her bike off the porch and hurt her lower back. 
Campbell also testified that the victim threw fits all the time, often throwing
herself on the floor and banging her head.

Malanitch=s and Campbell=s testimony regarding the
victim throwing fits was substantiated by a videotape made by a foster parent
while the victim was in foster care.  Approximately fifteen minutes of the tape
was introduced into evidence and played for the jury; it depicted the victim
throwing a tantrum in which she screamed almost nonstop, threw herself down on
the mattress repeatedly, hit her head on the crib several times, and slammed
into the wall.

After
reviewing all of the evidence, we hold that a rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Thus, the
evidence is legally sufficient to support appellant=s conviction.  Viewing all of the evidence in
a neutral light, we hold that the evidence supporting the verdict is not so
weak as to cause the verdict to be clearly wrong and manifestly unjust and that
the verdict is not against the great weight and preponderance of the
conflicting evidence.  Thus, the evidence is factually sufficient.  Appellant=s first issue is overruled.


 








                                               Prior
Convictions B
Punishment Phase

In
his second issue, appellant argues that the trial court abused its discretion
in admitting several prior convictions into evidence during the punishment
phase of trial.  Appellant complains of the lack of a proper predicate showing
his identity as the person convicted in those cases.  These prior convictions
were not alleged as enhancements. 

The
record shows that the State offered into evidence several exhibits regarding
punishment.  The State first offered State=s
Exhibit No. 20, appellant=s
booking report that was signed by him as being correct when he was booked into
the Nolan County jail.  The booking report contained appellant=s name, physical
description, identification or driver=s
license number from Washington, date of birth, and social security number.  

The State then offered State=s Exhibits Nos. 21-27, each containing a
certified copy of an out-of-state judgment of conviction.  Six of these
convictions were from Washington, where appellant had lived prior to moving to
Texas; one was from Oregon.  None of these exhibits contained a photograph. 
All except for No. 23 were convictions from Benton County, Washington, and bore
appellant=s name, date
of birth, and social security number.  No. 23, the Oregon judgment, contained
appellant=s name and
date of birth but no social security number.  Nos. 21, 22, 25, and 26 contained
the same Washington ID or driver=s
license number that was shown on No. 20, the Nolan County booking report.  Nos.
21-26 contained no fingerprints, and the quality of the fingerprints on No. 27
was too poor for comparison.  Appellant repeatedly objected to the admission of
Exhibits Nos. 21-27, but the trial court overruled appellant=s objections and admitted
the exhibits into evidence.  

Also introduced by the State was Exhibit No. 29, a
certified copy of another judgment from Benton County, Washington.  This
exhibit contained the same name, date of birth, and social security number as
the previous exhibits.  Exhibit No. 29, however, also contained the fingerprints
of the person convicted.  An expert fingerprinted appellant on the morning of
the punishment hearing and compared these known prints to the fingerprints on
No. 29.  The expert testified that appellant=s
right index finger matched the print from No. 29.  Appellant does not complain
that the trial court erred in admitting No. 29 into evidence.  The record shows
that Exhibit No. 29 contained the same AFBI@ and ASID@ numbers as two of the other exhibits B Nos. 24 and 27 B and listed the offenses
shown in No. 27 as part of appellant=s
criminal history. 








Exhibit
No. 25 listed the complaining witness as AVerna
Campbell,@ appellant=s mother, who reported that
her Ason, Bradley P.
Hogue was very intoxicated and violent@
and was damaging items inside the residence.  Exhibit No. 22 listed the
complaining witnesses as the defendant=s
mother and sister:  Verna Sue Hensley and Jessica Dawn Hensley.  It was
established during appellant=s
trial that his sister=s
first name was Jessica.  In Exhibit No. 26, AHogue=s mom, Verna Hensley,@ reported that her son had
assaulted his girlfriend and had damaged the apartment rented by Verna. 

Prior
convictions are admissible during the punishment phase of trial without showing
that the defendant is guilty of those crimes beyond a reasonable doubt.  Bluitt
v. State, 137 S.W.3d 51, 54 (Tex. Crim. App. 2004); see Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a)(1) (Vernon Supp.
2007).  Once guilt has been established beyond a reasonable doubt, it need not
be reproved during the punishment phase of another trial.  Bluitt, 137
S.W.3d at 54.  Identity, however, must be shown.  Id.; Beck v. State,
719 S.W.2d 205, 210 (Tex. Crim. App. 1986); Vessels v. State, 432 S.W.2d
108, 116-17 (Tex. Crim. App. 1968).  The State must show by independent
evidence that the defendant is the same person that was previously convicted.  Beck,
719 S.W.2d at 210.  The Court of Criminal Appeals has approved various
nonexclusive ways of proving such identity, including (1) the defendant=s admission or stipulation,
(2) testimony of a witness who personally knows the defendant and the fact of
his prior conviction and identifies him, and (3) documentary proof such as
certified copies of a judgment and sentence and authenticated copies of prison
records including fingerprints B
supported by expert testimony identifying the prints as belonging to the
defendant B or
photos.  Flowers v. State, 220 S.W.3d 919, 921-22 (Tex. Crim. App.
2007); Littles v. State, 726 S.W.2d 26 (Tex. Crim. App. 1984); Beck,
719 S.W.2d at 209-10.  The question in this case is not one of sufficiency but,
rather, one of admissibility.  See Perez v. State, 21 S.W.3d 628, 630
(Tex. App.CHouston
[14th Dist.] 2000, no pet.).  








We
hold that the trial court did not abuse its discretion in admitting Exhibits
Nos. 22, 24, 25, 26, and 27.  The certified copies of these judgments and
sentences were admissible and were sufficiently linked to appellant so that
they became relevant to appellant=s
punishment hearing.  Exhibits Nos. 24 and 27 were linked through Exhibit No.
29, which was linked to appellant through fingerprint identification.  Exhibits
Nos. 22, 25, and 26 were linked to appellant by his identifying information and
the complaining witnesses.  Although we would not recommend the means used to
link these exhibits to appellant, we hold that they were sufficient under the
totality of the evidence admitted to show that appellant was the person
convicted in those cases.  See Flowers, 220 S.W.3d at 922-23.  The jury
was free to weigh the credibility of these exhibits based upon the evidence as
presented.  

With
respect to Exhibits Nos. 21 and 23, however, the State failed to show that
appellant was the person convicted as shown in those judgments.  No. 23 was
linked to appellant only by his name and date of birth.  No. 21 was linked only
by name, date of birth, social security number, and driver=s license number.  The
witnesses through whom the State offered the punishment exhibits agreed that
somebody else could have been arrested, charged, and convicted using appellant=s identifying information
such as his name, date of birth, and social security number and that they could
not say beyond a reasonable doubt that appellant was the person convicted in those
prior cases.  Because the State failed to introduce sufficient independent
evidence linking Exhibits Nos. 21 and 23 to appellant, the trial court abused
its discretion in allowing the jury to consider these convictions.

Having
found error, we must determine whether the error warrants reversal.  Mosley
v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).  A nonconstitutional
error must be disregarded unless it affects substantial rights.  Tex. R. App. P. 44.2(b); Rich v.
State, 160 S.W.3d 575, 577 (Tex. Crim. App. 2005).  Substantial rights are
not affected by the erroneous admission of evidence Aif the appellate court, after examining the
record as a whole, has fair assurance that the error did not influence the jury,
or had but a slight effect.@ 
Solomon v. State, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).  








 We
hold that the admission of Exhibits Nos. 21 and 23 does not warrant reversal. 
Exhibit No. 21 contained a judgment and sentence from Benton County,
Washington, for criminal trespass and criminal attempt.  Exhibit No. 23
contained an Oregon judgment for a misdemeanor assault and showed that the
defendant received a suspended sentence of probation for twenty-four months. 
No details of the assault, other than the victim=s
name, were revealed in Exhibit No. 23.  In light of the nature of the crime in
this case; the fact that appellant was the only adult with the child at the
time; the evidence establishing that the child suffered from battered child
syndrome; and the properly admitted prior convictions for assault/domestic
violence, possession of drug paraphernalia, escape from community custody,
domestic violence/malicious mischief, destruction of property, arson, reckless
burning, and theft, we cannot say that the improper admission of Exhibits Nos.
21 and 23 would have had more than a slight effect on the jury=s verdict.  See King v.
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  Thus, we cannot find
that the error constituted reversible error under Rule 44.2(b).  Appellant=s second issue is
overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

December 6, 2007

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.