*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

## MEMORANDUM OPINION

No. 04-09-00020-CR

Roger Edward **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-6235B
Honorable Mary Roman, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:   Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed: September 9, 2009

AFFIRMED

A jury found Roger Edward Martinez guilty of robbery-bodily injury. In two issues on appeal, Martinez contends the trial court erred in: (1) refusing to include the lesser-included offense of Class-A misdemeanor assault in the jury charge, and (2) accepting an incomplete and ambiguous jury verdict that did not include the signature of the jury foreman. We affirm the trial court's judgment.

**BACKGROUND**

Joe Adame was at home with his mother when Pedro "Chomps" Lugo came to his house and offered to sell him a flat screen plasma TV for $200.00. Although Adame initially was willing to make the purchase, he decided not to buy the TV after his mother advised against it. When Adame told Chomps he decided not to buy the TV, Chomps became upset and left.

Several hours later, Chomps returned to Adame's house with his cousin, Martinez. Adame went outside to speak to both men. Chomps accused Adame of disrespecting him earlier that day, and Adame apologized for any perceived disrespect. According to Adame, when he reached out to shake Chomps's hand, Martinez stepped up and hit him in his mouth, knocking him to the ground. At trial, Adame testified Chomps and Martinez began hitting and kicking him while he was on the ground, and then Chomps instructed Martinez to take his neck chains. Martinez then ripped Adame's chains off his neck, and Chomps and Martinez ran away.

When the police arrived, Adame told Officer Michael Gonzalez that Chomps and Martinez robbed him; Adame, however, could only supply the officer with Martinez's first name, Roger. After searching the area, the police were unable to locate either suspect or the stolen neck chains. Detective Gilbert Tovar led the investigation on the case and discovered that the two suspects were cousins. Adame and his mother subsequently identified Chomps and Martinez from a photo line-up as the two assailants; Martinez was indicted for the offense of robbery-bodily injury and the indictment contained a repeat offender enhancement allegation. After three days, a jury found Martinez guilty of robbery-bodily injury, and the trial court assessed a sentence of twenty-five years imprisonment.

## LESSER-INCLUDED OFFENSE

In his first issue, Martinez contends the trial court erred in denying his request to include the lesser-included offense of Class-A misdemeanor assault in the jury charge. The trial court overruled his request and submitted the jury charge without the instruction.

We review a jury charge error under the standard set forth in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984). Under *Almanza*, we must first determine whether error exists in the jury charge. *See id.* at 171; *see also Airline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986). Second, we must determine whether sufficient harm was caused by the error to require reversal. *Id.*; *see also Airline v. State*, 721 S.W.2d at 351.

An offense is considered a lesser-included offense if the proof of the charged offense includes the proof required to establish the lesser-included offense. TEX. CODE CRIM. PRO. art. 37.09 (Vernon 2006). We use a two-step approach to determine whether a defendant is entitled to a jury instruction of a lesser-included offense. *See Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007). The first step in the analysis is a question of law, and we must use a pleadings approach to decide whether a party may be entitled to a lesser-included offense instruction. *See Hall* at 535. Under the pleadings approach, we must compare "the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense." *See id*. at 535-36. The second step in our analysis asks "whether there is evidence that supports giving the instruction to the jury[,]" and we consider "anything more than a scintilla of evidence [to be] sufficient to entitle a defendant to a lesser charge." *See id.* at 536. "In other words, the evidence must establish the lesser-included offense as a 'valid, rational alternative to the charged offense.'"

*Hall*, 225 S.W. 3d at 536; *see also Forest v. State*, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999) (quoting *Arevalo v. State*, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997)).

Here, the State indicted Martinez for robbery-bodily injury and alleged that he "while in the course of committing theft of property and with intent to obtain and maintain control of said property, did intentionally, knowingly, and recklessly cause bodily injury to Joe Adame . . . by STRIKING THE COMPLAINANT WITH THE HAND OF THE DEFENDANT." After comparing the elements of robbery-bodily injury as alleged in the indictment with the elements of Class-A misdemeanor assault, we conclude that Class-A misdemeanor assault is a lesser-included offense of robbery-bodily injury. *See Martinez v. State*, 599 S.W.2d 622, 624 (Tex. Crim. App. 1980) (highlighting that each form of robbery, either robbery committed by causing bodily injury or by threatening imminent bodily injury, includes a form of assault, either by causing bodily injury or threat, as a lesser offense); *Nottingham v. State*, No. 07-08-0131-CR, 2009 WL 224075, at *1 (Tex. App.—Amarillo Jan. 30, 2009, pet. ref'd) (recognizing some courts hold that simple assault is a lesser-included offense of robbery); *see also* TEX. PEN. CODE § 22.01(a)(1) (Vernon Supp. 2008); TEX. PEN. CODE § 29.02(a) (Vernon 2003).

To complete our analysis, however, we must determine whether some evidence exists to convict Martinez only of the lesser offense of Class-A misdemeanor assault. *See Hall*, 225 S.W.3d at 536. Here, the record does not contain evidence that would permit a rational jury to find that Martinez was guilty of only a Class-A misdemeanor assault. *See Hall*, 225 S.W.3d at 536; *Forest*, 989 S.W.2d at 367. Adame testified that Martinez punched him in the mouth, and the blow knocked him to the ground. Adame testified that while on the ground, Martinez continued to hit and kick him and then ripped off his chains from his neck. Although Martinez argues that the theft occurred after

the assault was completed, Adame testified that Martinez was directed to take his chains as Martinez was hitting and kicking him. On cross examination, Adame further testified that the chains were taken while the assault was "still" happening. Because the evidence fails to depict that Martinez could be guilty of only a Class-A misdemeanor assault, the trial court properly excluded the lesser-included offense of Class-A misdemeanor assault. *See* TEX. CODE. CRIM. PROC. art. 37.09 (Vernon 2006); *Hall*, 225 S.W.3d at 535; *Forest*, 989 S.W.2d at 367. Accordingly, we overrule Martinez's first issue.

### INCOMPLETE AND AMBIGUOUS JURY VERDICT

In his second issue on appeal, Martinez contends the trial court erred in accepting an incomplete and ambiguous jury verdict. According to Martinez, the jury verdict was incomplete and ambiguous because the jury verdict form did not contain the signature of the foreperson of the jury. The State, however, contends that Martinez waived this issue for appeal because Martinez did not file a motion for new trial.

We agree with the State that Martinez waived this issue for appeal. To preserve an issue for appeal, the appellant must make a timely and specific objection. TEX. R. APP. P. 33.1(a). Here, Martinez did not make an objection to the verdict when it was rendered, but instead, he raised the issue for the first time when he filed his appellate brief; as a result, Martinez waived the complaint. *See Shelton v. State*, 441 S.W.2d 536, 538 (Tex. Crim. App. 1969) (holding that because appellant did not make an objection to the verdict when it was rendered at trial, appellant waived his contention that the verdict was incomplete because the verdict forms at the guilt and penalty stages of trial had two different foreman signatures); *Finch v. State*, No. 07-03-0045-CR, 2003 WL 22909180, at *3 (Tex. App.—Amarillo Dec. 10, 2003, pet. struck) (not designated for publication)

(holding that because appellant did not object to the verdict when it was rendered, appellant waived his argument regarding an incomplete jury verdict that did not instruct the jury about a lesser-included offense); *Renner v. State*, 758 S.W.2d 890, 891 (Tex. App.—Corpus Christi 1988, pet. ref'd) (holding that the defendant waived any alleged errors in the verdict forms because he did not give the trial court an opportunity to correct them).

Even if the error was not waived, a verdict must be upheld when its meaning can be reasonably ascertained. *Brinson v. State*, 570 S.W.2d 937, 939 (Tex. Crim. App. 1978) (holding that a jury verdict must be upheld so long as its meaning can be reasonably ascertained); *Luna v. State*, 70 S.W.3d 354, 359 (Tex. App.—Corpus Christi 2002, pet. ref'd); *Perez v. State*, 21 S.W.3d 628, 631 (Tex. App.—Houston [14th Dist.] 2000, no pet.). When ascertaining the verdict's meaning, we will liberally construe the verdict. *Luna*, 70 S.W.3d at 359; *Perez*, 21 S.W.3d at 631.

Here, after liberally construing the verdict, we can reasonably ascertain that the jury intended to find Martinez guilty. *See Brinson*, 570 S.W.2d at 939; *Luna*, 70 S.W.3d at 359; *Perez*, 21 S.W.3d at 631. When the jury returned from deliberations, the trial judge asked whether the jury had reached a unanimous verdict. The jury foreperson stated that the jury had reached a unanimous verdict and handed the verdict form to the deputy. The trial judge then stated, "The Verdict Form reads: We, the Jury, find the defendant, Roger Edward Martinez, guilty of robbery as charged in the indictment." After the verdict was read, none of the jury members expressed any dissent, and there was no request to poll the jury. Based on these facts, we must presume the guilty verdict was that of each of the jurors. *See* TEX. CODE CRIM. PRO. art. 37.04 (Vernon 2006); *Shelton*, 441 S.W.2d at 538. Accordingly, we overrule Martinez's second issue on appeal.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice

DO NOT PUBLISH