

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00140-CR

_____

MICHAEL CRAWFORD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. F16-1629-431

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

A Denton County jury convicted Michael Crawford of continuous violence against the family, a third-degree felony.[1]  *See* TEX. PENAL CODE ANN. § 25.11 (West 2011).  After the jury found the State's enhancement allegations true, they assessed a punishment of forty-five years' imprisonment.  *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2018).

On appeal, Crawford argues that the trial court erred in admitting a penitentiary packet (pen packet) because the State failed to prove that he was the person referred to in a portion of that exhibit.  Crawford also argues that the trial court erred in overruling his motion for new trial based on ineffective assistance of counsel.  Because we conclude that the trial court did not abuse its discretion in either admitting the pen packet or in finding that Crawford's counsel did not render ineffective assistance, we affirm the trial court's judgment.

## I.     The Trial Court Did Not Abuse its Discretion in Admitting the Pen Packet

In his first point of error, Crawford argues that the trial court abused its discretion by admitting the pen packet because the State failed to prove that he was the person referred to in the packet. We disagree.

### A.     Standard of Review and Applicable Law

We review a trial court's decision to admit evidence, including evidence of an extraneous offense during the punishment phase, under an abuse-of-discretion standard. *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996).  As long as the trial court's ruling falls within the zone

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We follow the precedent of the Second Court of Appeals in deciding this case.  *See* TEX. R. APP. P. 41.3.

of reasonable disagreement, we will affirm its decision. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

"To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a conviction exists and (2) the defendant is linked to the conviction." *Paschall v. State*, 285 S.W.3d 166, 174 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007)). "No specific document or mode of proof is required to prove these two elements." *Id.* "There is no 'best evidence' rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document." *Flowers*, 220 S.W.3d at 921. "[T]he State may prove both of these elements in a number of ways, including documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted." *Paschall*, 285 S.W.3d at 174 (citing *Flowers*, 220 S.W.3d at 921–22). This includes "authenticated copies of the Texas Department of Corrections (n/k/a Texas Department of Criminal Justice—[Correctional] Institution[s] Division [TDCJ]) records, including fingerprints, supported by expert testimony identifying them as identical with known prints of the defendant." *Id.* at 174–75 (citing *Beck v. State*, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986)).

"When properly authenticated copies of the convicting court's judgment and sentence are used, they are admissible at trial."[2] *Perez v. State*, 21 S.W.3d 628, 630 (Tex. App.—Houston [14th Dist.] 2000, no pet.). "However, the relevance of records showing a prior criminal conviction is conditioned upon the introduction of evidence sufficient to support a finding that the defendant on

---

[2]Crawford does not argue that the records were improperly authenticated.

3

trial is the same person as the one previously convicted." *Id.* "The fact[-]finder looks at the totality of the evidence to determine whether the State proved the prior conviction beyond a reasonable doubt." *Paschall*, 285 S.W.3d at 175 (citing *Flowers*, 220 S.W.3d at 923). "Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction." *Flowers*, 220 S.W.3d at 922; *see Littles v. State*, 726 S.W.2d 26, 32 (Tex. Crim. App. 1987) (op. on reh'g) (holding combination of expert testimony concerning fingerprint comparison and photograph comparison by jury sufficient); *Gollin v. State*, 554 S.W.2d 683, 686–87 (Tex. Crim. App. 1977) (holding testimony that photograph and physical description in pen packet were of the defendant was sufficient), *overruled on other grounds by Littles*, 726 S.W.2d at 28.

> As the Texas Court of Criminal Appeals noted in *Human v. State*,
>
> [T]he proof that is adduced to establish that the defendant on trial is one and the same person that is named in an alleged prior criminal conviction closely resembles pieces of a jigsaw puzzle. The pieces standing alone usually have little meaning. However, when the pieces are fitted together, they usually form the picture of the person who committed the alleged prior conviction or convictions.

*Flowers*, 220 S.W.3d at 923 (quoting *Human v. State*, 749 S.W.2d 832, 835–36 (Tex. Crim. App. 1988)). "The trier of fact fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece." *Id.*

### A. Analysis

The pen packet at issue included an October 30, 2002, judgment for evading arrest. The judgment listed the name of the defendant as Nicholas Scardino, and the TDCJ affidavit authenticating the pen packet certified that the information was for "inmate **SCARDINO, NICHOLAS**." The pen packet included two sets of fingerprint cards. The first card demonstrated

4

that the fingerprints of Scardino were taken on November 5, 2002 (Scardino Card). The second card, listing the date of offense as 2004, showed that the fingerprints taken were from Crawford (Crawford Card). The State's fingerprint expert, Mike Sparby, an investigator with the district attorney's office, testified that the quality of the fingerprints on the Scardino Card were too poor to compare them to Crawford's known fingerprints, but that the prints on the Crawford Card matched Crawford's known fingerprints. The Scardino Card and the Crawford Card contained the same Department of Public Safety number. Yet, the Scardino Card listed a March 13, 1980, birthday and recorded that Scardino was six feet, two inches tall and had a back tattoo, while the Crawford Card listed an August 19, 1973, birthdate and reflected that Crawford was six feet tall and had no tattoos. Sparby acknowledged that there could have been a mistake.

Nevertheless, prior to admitting the pen packet over Crawford's objection, the trial court heard testimony from Sparby that the pen packet also included photographs of the inmate identified as Scardino and that the photos depicted Crawford's face. The trial court likely compared the pen packet photographs, taken on the date "Scardino" was processed to jail, to Crawford's appearance at trial and to other pen packet photographs, known to depict Crawford, that were already admitted into evidence. The trial court had also already heard evidence that a third fingerprint card for "Cardino, Nicholas" contained fingerprints that matched Crawford's known fingerprints, as well as his social security number. Additionally, other evidence already admitted at trial demonstrated that Crawford used a host of aliases in his lifetime, including Nicholas Scardino.

In light of the evidence linking Crawford to the pen packet, we cannot say that the trial court abused its discretion in admitting it. Therefore, we overrule Crawford's first point of error.

5

**II.     The Trial Court Did Not Abuse its Discretion in Finding that Counsel Did Not Render Ineffective Assistance**

In his verified motion for new trial, Crawford averred that, on the alleged deficient advice of his attorney, he rejected a plea bargain in which the State had offered him five years' imprisonment in exchange for his plea of guilty to the offense.

**A.     Factual Background**

Crawford was the only witness at the hearing on his motion for new trial. Crawford stated that, on October 13, 2017, his counsel, Christopher Jones, informed him that the State had offered a plea bargain of five years' imprisonment and intended to enhance his punishment if the offer was rejected. According to Crawford, Jones explained that the offense charged was a third-degree felony, but that the State would enhance the offense "to a 2nd degree felony with a range of 2 years to 20 years" if Crawford did not accept the plea offer. *See* TEX. PENAL CODE ANN. §§ 12.42(d), 12.33 (West 2011). According to Crawford, Jones informed him that there "was three hours worth of [digital] discovery" in the case and that he had not reviewed all of it. Because Crawford had not seen any discovery in the case, he confirmed that he denied the plea offer. Jones stated that he would return to the jail to review the discovery with Crawford, but never did. Jones withdrew from his representation on January 12, 2018, and his second counsel, Michael Dance, was appointed on the same day.

Crawford stated that, although he was never given a written plea offer, Dance informed him on January 15, 2018, that the punishment might be more than twenty years' imprisonment and told him that he had seven days to accept or reject a plea offer of five or six years or face the State's

6

decision to enhance the punishment range to twenty-five years or life.[3]  Because Dance did not return to the jail within seven days to visit him, Crawford called his office on the eighth day to accept a plea offer, but was told that the offer had been withdrawn by the State.  On February 2, 2018, the State filed a notice of intent to enhance Crawford's punishment, not with one, but with two prior felony convictions, thereby increasing his range of punishment to imprisonment for twenty-five years to life.  *See* TEX. PENAL CODE ANN. § 12.42(d).

Crawford stated that, because the offer relayed by Dance was not in writing, he believed that the October 13, 2017, offer relayed by Jones was his last opportunity to enter into a plea bargain agreement.  Arguing that he should receive a new trial, Crawford stated he would have accepted the five-year offer on October 13, 2017, if Jones had properly advised him of the twenty-five to life punishment range.  Accordingly, he complains that Jones' ineffective assistance in failing to advise him that he would eventually face a sentence of twenty-five years to life deprived him of the ability to accept the State's plea bargain.  He also argues that both Jones and Dance rendered ineffective assistance in failing to provide him with any discovery in his case before the State withdraw its plea offer.

**B.    Standard of Review**

"There is no doubt that an accused is entitled to effective assistance of counsel during the plea bargaining process." *Ex parte Argent*, 393 S.W.3d 781, 782 (Tex. Crim. App. 2013) (quoting *Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex. Crim. App. 1987)).  As many cases have noted, the right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483

---

[3]Crawford testified that he was unsure whether the offer was for five years or six years.

7

(Tex. Crim. App. 2006). In order to prevail on a claim of ineffective assistance of counsel, the defendant must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). *See also Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009). The first prong requires a showing that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. This requirement can be difficult to meet since there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 669. The second *Strickland* prong, sometimes referred to as "the prejudice prong," requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 694.

The Texas Court of Criminal Appeals has said that "[t]rial counsel 'should ordinarily be afforded an opportunity to explain his actions' before being denounced as ineffective." *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). Where an appellate record is silent as to why trial counsel failed to take certain actions, the appellant has "failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *see Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

A reviewing court measures a trial court's ruling on a motion for new trial under an abuse-of-discretion standard. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012), *overruled on other grounds by Miller v. State*, 548 S.W.3d 497 (Tex. Crim. App. 2013). A trial court abuses its discretion in this context only when no reasonable view of the record could support its ruling,

8

which will be upheld on appeal so long as it falls within the zone of reasonable disagreement. *Id*. For that reason, "[w]hen the trial court denies a motion for a new trial alleging ineffective assistance of counsel, 'we view the relevant legal standards through the prism of abuse of discretion.'" *Lampkin v. State*, 470 S.W.3d 876, 903 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Ramirez v. State*, 301 S.W.3d 410, 415 (Tex. App.—Austin 2009, no pet.)). We must therefore decide whether the trial court erred in determining that Crawford failed to meet the two-prong *Strickland* test.

### C.    Analysis

Because Crawford did not call Jones or Dance to testify, the record is silent as to why counsel failed to take the complained-of actions. The majority of Crawford's brief complains of Jones' failure to inform him that his range of punishment was twenty-five years to life. However, the record establishes that Crawford's punishment was not enhanced until after Jones withdrew from representation. Because it is possible Jones was never aware that the State intended to enhance Crawford's punishment by two prior felony convictions, the trial court did not abuse its discretion in determining that Jones did not render ineffective assistance by failing to notify Crawford of his eventual punishment range.

With respect to counsel's failure to review the discovery with Crawford, the record is silent as to when Jones and Dance received the electronic discovery. The record demonstrates, however, that Jones had not reviewed all the electronic discovery at the time he relayed the plea offer to Crawford, that he later withdrew, and that Dance had only been appointed for less than one month before the State withdrew its plea offer. Because it is possible counsel believed it wise to review

9

the discovery before reviewing it with Crawford, the trial court did not abuse its discretion in concluding counsel's omissions reasonable.

Moreover, to show prejudice from ineffective assistance of his trial counsel at the plea bargain stage, Crawford was required to "show a reasonable probability that: (1) he would have accepted the . . . offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain." *Argent*, 393 S.W.3d at 784. Because Crawford did not present evidence demonstrating the second or third requirement, the trial court did not abuse its discretion in overruling his motion for new trial.

## III. Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:    March 7, 2019
Date Decided:     March 29, 2019

Do Not Publish

10