**Affirmed and Memorandum Majority and Concurring Opinions filed November 8, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00229-CR

---

## CHRIS LONELL HOLLOWAY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 337th District Court
### Harris County, Texas
### Trial Court Cause No. 1603520

---

## MEMORANDUM MAJORITY OPINION

Appellant Chris Holloway appeals his conviction for aggravated sexual assault of a child. A jury convicted appellant, found a punishment enhancement paragraph true, and assessed punishment at imprisonment for life. In two issues, appellant contends that the trial court erred in (1) not allowing the defense to question another minor who testified appellant also sexually assaulted her regarding her sexual assault by another individual and (2) accepting the jury's

punishment verdict when the punishment verdict form was not signed by the jury foreman. We affirm.

## *Background*

Appellant was indicted for the offense of continuous sexual abuse of a child. Complainant T.B., who was fourteen years old at the time of trial, testified regarding the details of several sexual abuse events by appellant that allegedly occurred when T.B. was between the ages of three and five. T.B.'s mother testified regarding T.B.'s outcry statement, which occurred when T.B. was eleven. The State also presented the testimony of another child, M.L., who stated appellant sexually abused her around the same time as T.B., when she was also between the ages of three and five.[1]

In a hearing outside the presence of the jury, the trial court considered whether to permit the defense to cross-examine M.L. about her allegation that another person, L.J., had sexually assaulted her when she was eleven. After hearing testimony and argument, the trial court determined the line of questioning was barred by Texas Rule of Evidence 412. At the conclusion of the guilt-innocence portion of trial, the jury found appellant guilty of aggravated sexual assault of a child.

At the conclusion of the punishment phase, in open court, the trial court asked the jury foreman if the verdict on punishment was unanimous and the foreman responded, "Yes, ma'am." The judge then read the verdict, including that the jury, having found appellant guilty and a punishment enhancement paragraph true, assessed his punishment at imprisonment for life. No one for the defense or on the jury raised any objections or complaints regarding this process. The

---

[1] The details of the alleged abuse are well known to the parties and unnecessary to the disposition of the issues raised in this appeal, so we will not recount them here.

punishment verdict form in the record contains the instruction "CHOOSE ONE" at the top followed by five paragraphs of text, each containing a different punishment verdict. The first paragraph of the form is circled—the one containing the finding of the enhancement paragraph as true and the life-in-prison term—but the space available for the foreman's signature was left blank.

### *Exclusion of Evidence*

As stated, in his first issue, appellant contends the trial court erred in precluding him, pursuant to Rule 412, from cross-examining witness M.L. about her allegation that another person, L.J., had also sexually assaulted her. Tex. R. Evid. 412. We review a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard and will not reverse the decision if it is within the zone of reasonable disagreement. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). We must uphold the trial court's decision if it is reasonably supported by the record and correct under any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

Rule 412, entitled "Evidence of Previous Sexual Conduct in Criminal Cases," prohibits the admission of evidence regarding a victim's previous sexual conduct in certain types of cases unless it falls within one of five specified exceptions. Only two of those exceptions are potentially relevant here: (1) whether the proffered evidence relates to the motive or bias of the alleged victim and (2) whether admission of the evidence is constitutionally required. *See* Tex. R. Evid. 412(b)(2)(C), (E). Even if the proponent of the evidence of past sexual conduct can satisfy the burden to demonstrate the evidence's relevance and an applicable Rule 412 exception, the evidence of specific instances of past sexual behavior still must be excluded unless the probative value of the evidence outweighs the danger of unfair prejudice. *See id.* at 412(b)(3).

3

The proponent of challenged evidence generally has the burden of establishing the evidence's admissibility by a preponderance of the evidence. *White v. State*, 549 S.W.3d 146, 151–52 (Tex. Crim. App. 2018); *Willis v. State*, No. 14-17-00559-CR, 2019 WL 1941067, at *7 (Tex. App.—Houston [14th Dist.] Apr. 30, 2019, pet. ref'd) (mem. op., not designated for publication). Here, appellant had the burden to demonstrate the admissibility of the evidence related to M.L.'s other sexual assault allegation. Under the "motive or bias" exception, appellant had to establish that the proffered evidence was probative on the issue of M.L.'s motive or bias to make a false allegation of sexual assault against appellant and that the evidence was more probative than prejudicial. *See Willis*, 2019 WL 1941067, at *7 (citing *Montgomery v. State*, 415 S.W.3d 580, 583 (Tex. App.—Amarillo 2013, pet. ref'd)). Under the constitutionally-required exception, appellant needed to establish that the Confrontation Clause required admission and that the evidence was more probative than unfairly prejudicial. *See id.* (citing *Henley v. State*, 493 S.W.3d 77, 95 (Tex. Crim. App. 2016), and *Lopez v. State*, 18 S.W.3d 220, 225-26 (Tex. Crim. App. 2000)). To determine whether evidence must be admitted under the Confrontation Clause, a trial court must balance the defendant's right to cross-examine and the probative value of the proffered evidence against the risk factors associated with the evidence. *Henley*, 493 S.W.3d at 95. Trial courts possess broad discretion to impose reasonable limits on cross-examination to avoid harassment, prejudice, confusion of the issues, endangering the witness, and the injection of cumulative or collateral evidence. *Id.*

In his brief, appellant asserts that cross-examination of M.L. "could have shown [she had] a bias or motive to claim" appellant had sexually assaulted her and it "could have supported a theory that she might be mistaken in her belief that appellant sexually abused her when . . . it was really this other person." Appellant

4

does not explain in his brief how such cross-examination would have supported either theory.

In the hearing outside the presence of the jury, M.L. testified that appellant sexually assaulted her when she was between the ages of three and five, and L.J. sexually assaulted her when she was eleven years old. She originally went to the Children's Assessment Center regarding the assault by appellant but subsequently told her mother about the assault by L.J. and returned to the center. M.L. insisted that she was not confused at all about the two incidents, appellant assaulted her when she was aged three to five, L.J. assaulted her when she was eleven, and she had no contact with appellant when she was eleven.

In argument to the trial court, defense counsel pointed out that M.L. was very young (reportedly 3 to 5 years old) when appellant allegedly sexually assaulted her, and counsel argued that "when you have a child that young, memories get mixed up. Memories get confused." While this might be reasonable jury argument regarding why M.L.'s allegation against appellant might be suspect, appellant did not explain how it necessitated admission of evidence that M.L. had also been assaulted by L.J. years later. Defense counsel additionally referenced M.L.'s living conditions, although no evidence was presented regarding those conditions. Counsel noted that both of M.L's outcry statements came around the time that she was eleven years old and suggested she may have "switched" the identity of the person who assaulted her but then felt that she could not retract her statements. Other than the temporal proximity of the two outcry statements, however, counsel did not point to any indication of such confusion. Indeed, as stated above, M.L. expressly denied that she had any confusion regarding the two incidents. Counsel's rank speculation regarding the possibility of confusion is not sufficient to establish bias or motive for Rule 412 purposes. Counsel also asserted

5

that M.L. first identified L.J. as a person who assaulted her and later identified appellant, but that assertion is not supported by the record; indeed, the record supports the opposite conclusion. Lastly, counsel suggested there were "a lot of issues" with M.L.'s memory but did not cite specific examples.

Specifically regarding whether cross-examination based on M.L.'s allegations against L.J. was constitutionally required, defense counsel argued only that the testimony was required because the State identified the allegations as "*Brady*" material. *See generally Harm v. State*, 183 S.W.3d 403, 405–06 (Tex. Crim. App. 2006) (discussing State's duty to disclose evidence favorable to a defendant under *Brady v. Maryland*, 373 U.S. 83 (1963)). As the State pointed out to the trial court, however, the mere fact the State identified the allegation of another assault as potentially favorable to the defendant does not require its admission. *Brady* is a case about disclosure of information, not admission of evidence. *See id.* Appellant cites no authority and makes no argument to the contrary.

We conclude that the trial court did not abuse its discretion when it barred defense counsel from cross examining M.L. regarding her allegation that she was sexually assaulted by L.J. several years after she was allegedly assaulted by appellant. Appellant did not meet his burden to demonstrate the evidence was admissible either because it showed bias or motive or because it was constitutionally required. *See* Tex. R. Evid. 412(b)(2)(C), (E); *see also Willis*, 2019 WL 1941067, at *7 (holding defendant failed to meet his burden to demonstrate evidence of another assault revealed either a bias against the defendant, a motive to lie, or was constitutionally required); *Woods v. State*, 301 S.W.3d 327, 334–35 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding defendant "failed to show in what way the previous assault show[ed] the complainant's motive or bias,

6

if any" or that the evidence of the previous assault was "constitutionally required to be admitted").

We overrule appellant's first issue.

### *Form of Verdict*

In his second issue, appellant contends that the trial court erred in accepting the jury's punishment verdict when the verdict form was not signed by the jury foreman. Appellant asserts that the lack of a signature on the form rendered the verdict informal and, thus, the trial court had a duty pursuant to Texas Code of Criminal Procedure article 37.10(a) to call the jury's attention to the problem and, if the jury consents, have the problem corrected. Tex. Code Crim. Proc. art. 37.10(a); *see also Nixon v. State*, 483 S.W.3d 562, 567 (Tex. Crim. App. 2016) (explaining that article 37.10(a) imposes a duty to act on trial courts).[2]

In seeking to define what makes a verdict "informal" under article 37.10(a), the Court of Criminal Appeals has looked to the definition provided in *Black's Law Dictionary*, which defines informal as "[n]ot done or performed in accordance with normal forms or procedures." *Nixon*, 483 S.W.3d at 566 (quoting *Black's Law Dictionary* 898 (10th ed. 2014)). The Court also noted in *Nixon* that it had previously described an "informal verdict" as "one that does not meet the legal requirements of being written or answered as authorized." *Id.* (quoting *Jennings v. State*, 302 S.W.3d 306, 307 (Tex. Crim. App. 2010)).

---

[2] Article 37.10(a) provides in full as follows:

If the verdict of the jury is informal, its attention shall be called to it, and with its consent the verdict may, under the direction of the court, be reduced to the proper form. If the jury refuses to have the verdict altered, it shall again retire to its room to deliberate, unless it manifestly appear that the verdict is intended as an acquittal; and in that case, the judgment shall be rendered accordingly, discharging the defendant.

Appellant does not cite any authority suggesting that the lack of a foreman's signature on the form rendered the verdict informal. The State points out that no statute requires such a signature on a verdict form and all that is statutorily required for a verdict is for it to be "a written declaration by a jury of its decision of the issue submitted to it in the case." Tex. Code Crim. Proc. art. 37.01. We note, however, that the verdict form in this case in fact instructed the foreman to sign the form in the space provided for the punishment determined by the jury.

However, even if we assume the verdict in this case was informal and the trial court failed to perform its duty under article 37.10(a), our analysis does not end there. *See Williams v. State*, No. 03-18-00267-CR, 2018 WL 3451635, at *13 (Tex. App.—Austin July 18, 2018, pet. ref'd) (mem. op., not designated for publication) (assuming verdict was informal without deciding); *Herod v. State*, No. 14-12-00645-CR, 2013 WL 5760739, at *5 (Tex. App.—Houston [14th Dist.] Oct. 22, 2013, pet. ref'd) (mem. op., not designated for publication) (same). Under our prior precedent, in determining whether a trial court reversibly erred in failing to correct an informal verdict, we keep in mind that a jury's verdict generally should be upheld if the jury's intention can be reasonably ascertained. *See Perez v. State*, 21 S.W.3d 628, 631 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *see also Williams*, 2018 WL 3451635, at *13 (following *Perez*); *Herod*, 2013 WL 5760739, at *5 (same); *Rains v. State*, No. 12-11-00135-CR, 2012 WL 1515074, at *6–7 (Tex. App.—Tyler Apr. 30, 2012, pet. ref'd) (mem. op., not designated for publication) (same); *Martinez v. State*, No. 04-09-00020-CR, 2009 WL 2882934, at *2–3 (Tex. App.—San Antonio Sept. 9, 2009, no pet.) (mem. op., not designated for publication) (same). Such error is nonconstitutional in nature and requires reversal only if it affects a substantial right of the defendant. *See Herod*, 2013 WL 5760739, at *5; *Perez*, 21 S.W.3d at 631. Verdict forms should be reasonably and

liberally, rather than strictly, construed, and when a finding of the jury can be reasonably ascertained, the verdict is sufficient. *See Perez*, 21 S.W.3d at 631.

As mentioned above, in the present case, after receiving the verdict form, the trial judge asked the jury foreman if the verdict was unanimous, and the foreman responded, "Yes, ma'am." The judge then read the verdict aloud, including that the jury assessed appellant's punishment at imprisonment for life. No one for the defense or on the jury raised any objections or complaints regarding the verdict so announced. Although the foreman failed to sign the space available for his signature, the first paragraph of the verdict form is clearly circled, indicating the jury chose the punishment the trial court had read aloud, life in prison.

Under these circumstances, the jury's intention can be reasonably ascertained and the verdict should be upheld. *See Herod*, 2013 WL 5760739, at *5; *Perez*, 21 S.W.3d at 631. Appellant was not harmed by the trial court's failure to follow the article 37.10(a) procedure. Accordingly, we overrule appellant's second issue.

We affirm the trial court's judgment.

/s/ Frances Bourliot
   Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain. (Spain, J., concurring).

Do Not Publish — TEX. R. APP. P. 47.2(b).

9